[No. 5355. Decided November 15, 1905.]

MONTESANO NATIONAL BANK, *Respondent,* v. J. A. GRAHAM, *as Sheriff of Chehalis County, Appellant.*[1]

CONVERSION — ACTION AGAINST SHERIFF — TITLE TO PROPERTY LEVIED ON—CONTRACT—WHEN NOT A CONDITIONAL SALE—NOTICE TO EXECUTION CREDITORS — FINDINGS — EVIDENCE — SUFFICIENCY. In an action for the conversion of sawlogs levied upon by a sheriff, in which the plaintiff claimed absolute ownership through a written contract from the judgment debtor, the fact that the contract was not filed as a chattel mortgage or as a conditional bill of sale, and was therefore void as to creditors, is immaterial, when the court finds, upon compe-

1Reported in 82 Pac. 881.

tent evidence, that the plaintiff was the absolute owner of the prop, erty, and the creditors became such after the execution of the con, tract and with notice thereof.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 10, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for conversion. Affirmed.

*W. H. Abel,* for appellant.

*B. G. Cheney,* for respondent.

MOUNT, C. J.—This action was brought by the respondent to recover damages from appellant on account of an alleged conversion of certain cedar sawlogs. The complaint alleged ownership of the logs in respondent, and a conversion by appellant, and damages in the sum of $600. The answer was a general denial of the allegations of the complaint, and a plea of ownership of the logs in one J. A. Dennis, and also a levy and sale of said logs, on execution to satisfy a judgment in favor of Creech Brothers, against said Dennis. Upon these issues a trial was had to the court without a jury. Thereupon the court found that the property was the property of the respondent, and was of the value of $300, and entered judgment for that amount against appellant. This appeal is prosecuted from that judgment.

Respondent at the trial asserted ownership of the logs in question by virtue of a contract with the above named J. A. Dennis, which contract is set out in full in *Dennis v. Montesano Nat. Bank,* 38 Wash. 435, 80 Pac. 764, and need not be again copied here. The following stipulation was entered into at the trial:

"It is stipulated that on April 17, 1902, the plaintiff filed said contract, being plaintiff's exhibit No. 1, as a miscellaneous instrument in the office of the auditor of Chehalis county, Washington; but neved filed the same as a chattel mortgage or as a conditional sale contract; that said

contract was at the instance of plaintiff placed on file in the auditor's office by the county auditor of Chehalis county, as a miscellaneous instrument, and not otherwise, and was recorded and indexed as a miscellaneous instrument at plaintiff's instance, and was not indexed or filed or recorded as a chattel mortgage nor as a conditional sale contract; that the index of said instrument was made by entering in the general index in said auditor's office, in the grantor's column the words, 'J. A. Dennis;' in the grantee column the words, 'Montesano National Bank;' in the date column the words, 'April 17, 1902,' and in the column entitled, 'Nature of Instruments,' the word, 'Misc.,' and in the reference column the words, 'Form 21, Misc., page 431;' and that said index was the only entry upon the indices kept by the auditor of Chehalis county."

Appellant contends that, because the contract above referred to was not in form a chattel mortgage or recorded as such, and was not recorded as a conditional bill of sale, it was void as to Creech Brothers, who were creditors of said Dennis. The statute and many authorities are cited to sustain the position that a chattel mortgage or conditional bill of sale, not in the form required by statute, and not recorded or filed as required by law, is void as to creditors. But neither of the contentions made by appellant is applicable to this case, because the respondent is not claiming a mere lien upon the logs, by virtue of a chattel mortgage or a conditional bill of sale, but is claiming the absolute ownership of the logs. The right of respondent to maintain the action depends entirely upon the fact whether or not he is the owner. This was the main question in the case, and upon the evidence the trial court found that he was the owner.

The case of *Dennis v. Montesano Nat. Bank, supra,* was a case between Dennis and the bank to determine the ownership of the property in dispute in this case, and also other property; and we there held that the property in dispute here was, by the terms of the contract, the property of the bank. The evidence in this case shows that Creech Brothers

became creditors of Dennis after the execution of the contract, and with actual notice and knowledge of the contract, and that the levy was made by the sheriff at the instance of Creech Brothers, after notice that the bank claimed to own the property. Under the evidence, which supports the finding that the respondent was the actual owner of the property and not a lien claimant, the points made by the appellant, and the authorities cited in support thereof, become inapplicable to this case.

The judgment appealed from is therefore affirmed.

DUNBAR, ROOT, FULLERTON, HADLEY, CROW, and RUD-KIN, JJ., concur.