[No. 9221.    Department Two.    February 21, 1911.]

JAMES OLDFIELD, *Respondent*, v. ANGELES BREWING &
MALTING COMPANY, *Appellant*.[1]

LANDLORD AND TENANT—CONTRACT TO LEASE—BREACH—MEASURE
OF DAMAGES. Where plaintiff erected a building under an agree-
ment with defendant to lease the same for a period of five years,
and defendant refused to take possession because of a statute
passed subsequently preventing its use for saloon purposes, the
breach of contract is actionable, regardless of whether or not the re-
lation of landlord and tenant was created; and the measure of dam-
ages is the difference between the rental value during the term and
the rent specified in the contract.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered July 19, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on contract. Reversed.

[1]Reported in 113 Pac. 630.

*O. L. Willett,* for appellant.

*Chas. F. Munday* and *Walter S. Fulton,* for respondent.

Morris, J.—The facts upon which this appeal is based
are these: On September 24, 1908, the parties hereto en-
tered into a written agreement, whereby respondent agreed
to erect a building upon certain described property then
owned by him in the city of Seattle, and to lease the same to
appellant for a term of five years, commencing upon the day
of the completion of the building, at a monthly rental of $350,
payable in advance. The agreement was in the form of a
lease, and the appellant entered into the usual covenants of a
lessee. The respondent thereupon commenced the erection
of the building, and the same was completed and ready for
occupancy April 1, 1909, and notice of such completion and
readiness was given appellant. It appears from the record
that appellant desired to occupy the building, or the ground
floor thereof, as a saloon, but was unable to do so because of
chapter 134, § 62, of the Laws of 1909, page 466 (Rem. &
Bal. Code, § 7229), passed subsequently to the making of the
contract, prohibiting the sale of intoxicating liquors within
three hundred feet of any state armory, the location in con-
troversy being within that distance from the armory at
Seattle. Appellant thereupon sought some modification of
the contract, but being unable to obtain any, notified respond-
ent of its refusal to take possession. Mr. Munday, attorney
for respondent, thereupon wrote appellant as follows:

"Seattle, Wash., April 15, 1909.
"Angeles Brewing & Malting Co.,
      "2030 Western Ave., City:
"Dear Sirs:—On behalf of Mr. Oldfield, I beg to notify
you that Mr. Oldfield insists that you are liable to him for
rent of the building, which he constructed for you under the
lease to you. Inasmuch as you have, through your attorneys,
Willett & Willett, announced that you shall refuse to take
possession of the property, Mr. Oldfield will now proceed to
lease the property at the best terms obtainable, and will hold

you for the loss which he will sustain by reason of your refusing to enter into possession and pay the rent. This will include the entire rent for the period that the premises may remain vacant subsequent to April 1, 1909, plus the difference between the rent you agreed to pay and the rent which Mr. Oldfield may be able to obtain for the remainder of the term. As soon as we have ascertained what this will be, we will notify you.          Yours truly,     Chas. F. Munday."

Nothing further seems to have been done, and no further communication passed between the parties, except that in May, Mr. Oldfield and Mr. Jenecke, manager of appellant, sought to arrive at an amicable adjustment of the matter, but were unable to do so. In February, 1910, respondent commenced this action, in which he sought to recover the fixed rent of the building at $350 a month from April 1, 1909, and upon the trial was awarded such sum from April 1, 1909, to July 1, 1910, the time of trial; from which judgment defendant appeals.

Many errors are suggested by appellant, and there is much discussion in the briefs as to whether the contract sued upon was a lease or an agreement for a lease, or whether, since appellant never took possession, the relation of landlord and tenant ever existed and there could be a recovery for rent as rent. To our minds these questions are immaterial, and have no bearing upon the real issue between the parties, and any discussion of them would be merely academic in its character. The parties hereto entered into a contract whereby each was bound to the performance of certain conditions. Whatever be the technical legal name of that contract, or the correct definition of the relation the parties assumed and bore to each other under their agreement, it was nevertheless their bounden contract, and for its breach an action will lie. The only matter necessary to be inquired into, since the appellant admits its refusal to comply with its agreement to take possession of the building upon its completion, is, Is such a refusal actionable, and if so, what is the true measure of damages?

That such a breach is actionable is to us self-evident, since no reason suggests itself why the contract is void.

Appellant argues that it is not a lease, since it conveys no interest in real property; but provides only for the occupancy of a building not yet in existence. We know of no reason in law why parties may not contract for the use and occupancy of a building to be erected thereafter, and why, upon failure of either party to perform, an action will not lie. In some of the cases where such situations are discussed, reference is made to the contract as one of lease, and the parties are referred to as lessor and lessee; in others, it is said to be an agreement for a lease, to take effect upon the completion of the building; while in others there is no attempt made to define the nature and character of the contract, reference being made only to the conditions of performance, the breach, and the measure of damages. Still others deny the relation of landlord and tenant, inasmuch as there was no occupancy; and for this reason do not permit a recovery of rent. But none of the cases, so far as we are able to discover, deny the right of action to either party upon the breach, and while they differ some as to the true measure of damages, the great weight of authority is to the effect that the true measure of damages, for failure to take possession, is the difference between the amount stipulated in the contract and the sum for which the premises would rent to other parties during the stipulated term, and in this connection the rule is the same as in leases or agreements to lease. 24 Cyc. 923. Irrespective of whether the breach be by the lessor or lessee—and in using the words "lessor and lessee" we do so for convenience of reference—it is difficult to see why this should not be the true measure of damages, since the damage to either party to the contract is the same—the loss of use and occupancy, which is the value feature of the contract to both parties; and what better way can there be to determine that loss than to take the difference between the amount fixed in the contract and the rental value of the premises for the given time? There is

but one breach, and there should be but one recovery for that breach. *Sloan v. Hart*, 150 N. C. 269, 63 S. E. 1037, 21 L. R. A. (N. S.) 239; *Favar v. Riverview Park*, 144 Ill. App. 86. To the above measure of damage should be added such special damages as the lessee may plead and prove to have necessarily resulted to him from the breach of the agreement. *Cohn v. Norton*, 57 Conn. 480, 18 Atl. 595, 5 L. R. A. 572; *Herpolsheimer v. Christopher* (Neb.), 111 N. W. 359, 9 L. R. A. (N. S.) 1127.

In *James v. Kibler's Adm'r*, 94 Va. 165, 26 S. E. 417, the lessee refused to take possession, and the court, while denying that the relation of landlord and tenant existed, there being no change of possession, gives the measure of recovery as:

"In such a case the plaintiff is not entitled to recover for rent of the premises, but he has compensation for the injury sustained in consequence of the breach of the contract, and his measure of damage is the difference between that which he was to receive under the violated contract, and that which he does receive from the purchaser of the lease;"

the lease in that case having been sold at public auction after due advertisement and notice. Similar rulings are to be found in *Post v. Davis*, 7 Kan. App. 217, 52 Pac. 903; *Dulin v. Knechtal* (Tex. Civ. App.), 51 S. W. 350, and *Shubert v. Sonheim*, 123 N. Y. Supp. 529.

In *Massie & Rather v. State Nat. Bank of Vernon*, 11 Tex. Civ. App. 280, 32 S. W. 797, the plaintiff, under an oral agreement that defendants would rent the same for a period of five years, erected a brick building. When the building was completed, defendants refused to occupy it, and plaintiff leased the building for the term and then brought suit. The court, in discussing the case, says:

"The plaintiff in this case was entitled to recover, not, indeed, for rent of the premises after the abandonment of them by the defendants, but for compensation for the injury done him; and the proper measure of his damage is set out in the account upon which he sues; that is, the difference between the rent he was to receive and the rent he did receive, if that

were the utmost for which, by the exercise of ordinary dili-
gence, the premises could be rented. . . . It is well
settled that for a breach by the lessor of the covenant for
quiet enjoyment, the lessee can recover as damages the differ-
ence between the value of his lease and the stipulated rent
*(Buck v. Morrow,* 2 Tex. Civ. App. 361, 21 S. W. 398) ; and
no satisfactory reason can be given why the same rule should
not be applied in favor of the lessor against the lessee."

So in *Cleveland v. Bryant,* 16 S. C. 634, plaintiffs agreed
to erect a building, which defendant agreed to rent so long as
he was postmaster. The building was completed and tendered
to defendant, who refused to accept or occupy it. Action
was brought, and it was held that the right of action arose
immediately upon defendant's refusal to take the building,
and that the measure of damage was the difference between
the rental value for the three years defendant remained post-
master, and the amount fixed as rent in the contract.

Other similar cases might be cited, but the above are suffi-
cient to indicate what to our mind is the better rule. When,
therefore, appellant refused to take possession of the building
erected by respondent under their contract, a cause of action
immediately arose, and the measure of damages was not the
rent reserved in the contract, as held by the trial court, but
the difference between that sum and the rental value of the
premises for the five years fixed in the agreement. This seems
to have been the view taken by counsel for respondent when
he wrote his letter of April 15, and we think the true rule.

For this error in the judgment, the same is reversed.

Dunbar, C. J., Crow, and Chadwick, JJ., concur.