[No. 10794.  Department Two.  February 18, 1913.]

JAMES OLDFIELD, *Respondent*, v. ANGELES BREWING & MALTING COMPANY, *Appellant*.[1]

PLEADING—ISSUES AND PROOF—FATAL VARIANCE.  Where a judgment for rent due was reversed for the reason that the defendant, who never accepted a lease, was liable only for breach of an agreement to lease, and that the proper measure of damages was the difference between the stipulated rent and the actual rental value for the term, it is error to proceed on a second trial, over defendant's objection, without amending the complaint, which only alleged a specific rental due, and tendered no issue as to the rental value of the premises and made no demand for damages in any sum.

SAME—AMENDMENT TO CONFORM TO PROOF—OBJECTIONS.  A complaint cannot be deemed amended to conform to proof of an issue in no manner tendered, the evidence being admitted over the constant objection of the defendant.

RECEIVERS—ACTIONS—LEAVE TO SUE.  Where a receiver was appointed after an action was commenced, it is not necessary to obtain leave to sue the receiver.

PLEADING—COMPLAINT—AMENDMENT—DEPARTURE.  In an action for rent due, under a lease which the defendant refused to accept after agreeing to do so, the complaint may be amended to show a cause of action for damages for refusing to take the lease.

Appeal from a judgment of the superior court for King county, Tallman, J., entered May 11, 1912, upon findings in favor of the plaintiff, in an action on contract tried to the court.  Reversed.

*Willett & Oleson*, for appellant.

*Chas. F. Munday, Walter S. Fulton*, and *R. L. Blewett*, for respondent.

ELLIS, J.—This action was before us on the same complaint .in *Oldfield v. Angeles Brewing & Malting Co.*, 62 Wash. 260, 113 Pac. 630, Ann. Cas. 1912 C. 1050, 35 L. R. A. (N. S.) 426, to which reference is now made for a complete

[1]Reported in 129 Pac. 1098.

statement of the material facts. We there held that, the respondent having erected a building under an agreement to lease it to the appellant for a term of five years, and the appellant having refused to take possession because of a statute subsequently passed prohibiting its use for saloon purposes, the breach of contract was actionable whether the technical relation of landlord and tenant was ever created or not, and that the measure of damages was not the fixed rental of $350 a month, as awarded by the trial court, but the difference between the amount stipulated in the contract and the actual rental value for the specified term. For error in applying the incorrect measure of recovery, the cause was there reversed.

A reading of the complaint and of the opinion on the former appeal makes it manifest that the respondent mistook the nature of his cause of action. He brought his action upon the lease for a recovery of the rent reserved from the time the building was tendered to the time of the commencement of the action amounting in all to $3,850. The prayer was for that amount, with interest from accrual upon the amount of each month's rent going to make up the aggregate. His evident theory, and that of the trial court on the first trial, was that there would be a right of action for each month's rent and that the failure to pay the rent would constitute successive breaches. There was, however, but one breach, and that was complete and final, going to the whole contract. It was made by the refusal to accept the building. In such a case, the cause of action is entire and the measure of damages is the loss suffered, namely, the difference between the entire rent reserved and the entire rental value for the term. It is obvious that the complaint, which did not tender as an issue that there was such a difference, did not allege any loss or damage, and hence did not state a cause of action.

After the former reversal, the action was noted by the respondent for a retrial in the superior court. The complaint was not amended in any particular. The cause was

tried to the court without a jury.   When it was called for trial, it was upon the same complaint as before, seeking recovery for the installments of rent reserved and past due and interest thereon.   The appellant, at the commencement of the trial, objected to the introduction of any evidence on the ground that the complaint failed to state a cause of action; that it was a complaint for the recovery of rent only, and pleaded no damages.   The court overruled the objection, and the respondent then moved for a continuance in order to prepare to meet the issue of damages which was not presented by the complaint, but which the court had indicated would be tried.   The continuance was denied.   Throughout the trial, when evidence was offered tending to prove the rental value of the premises, the appellant strenuously objected to its introduction on the ground that it was not within the issues.   The evidence was, however, admitted and at the close of the trial the court found that the reasonable market rental value of the premises for the period covered by the contract of lease was $150 a month, aggregating $9,000 for the five years; that the aggregate rental provided for in the contract was $21,000, and that the difference was $12,000.   Exceptions were reserved to the findings.   Judgment was rendered against the appellant for $12,000, being $5,600 more than prayed for, and for costs, whereupon this appeal was taken.

The respondent contends that the issue tried was sufficiently defined by the opinion of this court on the former appeal. That opinion, however, did no more than declare as the law of the case that the action could not be maintained for rent, but for damages for breach of contract only, and defined the measure of damages in such an action.   The complaint did not tender the issue tried, and we know of no rule of law permitting the opinion of the appellate court to be treated as a pleading.   The statute, Rem. & Bal. Code, § 258, requires that the complaint contain a plain and concise statement of the *facts* constituting a cause of action, and a *demand* for the relief which the plaintiff claims.   The com-

plaint here did neither of these things. It tendered no issue as to the rental value of the premises, and made no demand for damages in any sum. It tendered an issue for the recovery of specific rental, not for the recovery of unliquidated damages. Our former opinion having in effect pointed out that the issue tendered by the complaint was a false one, upon which no recovery could be had, it would be most incongruous to hold that, without change, it now presented the very issue which we there in substance held it did not present.

It is familiar law that where a complaint sets forth facts entitling the plaintiff to some relief, such relief will not be denied merely because he has mistaken his remedial right, but such is not the case here. No facts showing damages in any sum or the right to any relief were pleaded. The only possible ground of relief was that the rent reserved exceeded the rental value. Neither this, nor any fact tending to show this, was alleged. There was no basis in the pleadings for the admission of any such proof.

It is urged that the complaint should be treated as amended to conform to the proof. This rule, however, has no application where the evidence has been introduced over objection and the issue tried was in no manner tendered in the complaint. The record is replete with objections pointing out the inadmissibility of the evidence under the issue tendered. No leave to amend was requested. No rule of construction, however liberal, can permit the trial of an issue not tendered in the complaint over the objection of the defendant. To permit such a course would be to ignore the statute, dispense with formal pleadings, and invite endless confusion. The trial court should have directed that the complaint be amended to conform to our former ruling, on pain of dismissal.

We find no merit in the appellant's contention that the action cannot be maintained without first securing leave to sue the receiver of the appellant, who was appointed subsequent to the commencement of the action. Nor do we find

merit in the claim that the evidence was not sufficient to establish the execution of the contract of lease. That question was, in effect, passed upon adversely to the appellant's contention on the former appeal.

The cause of action being the same breach of contract, declared upon in the original complaint, there can be no question as to the right to amend so as to present issuable facts showing damage.

The judgment is reversed, and the cause is remanded with leave to the respondent to amend so as to present the real issue involved, and for retrial upon that issue.

CROW, C. J., MAIN, MORRIS, and FULLERTON, JJ., concur.