COMMUNITY PLUMBING & HEATING CO., INC., Respondent, v. DAVID PROKO and HENRY LEIGNER, Appellants, and EAST 29TH STREET CORPORATION, Defendant.— Judgment modified by eliminating costs, and as so modified unanimously affirmed, without costs. We are of opinion that this case is not to be distinguished from *Kravitz* v. *Levy* (228 App. Div. 820), where it was held that in an action to foreclose a mechanic's lien against real property, brought in the Supreme Court, Kings county, the plaintiff was not entitled to costs, since the action could have been brought in the City Court of the City of New York. The first conclusion of law is modified by striking therefrom the provisions for costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

LOUISA D'AURIO and FRANK D'AURIO, as Administratrix and Administrator, etc., of NICHOLAS D'AURIO, Deceased, Respondents, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

ENRICO DI MICHELE and ANTONETTA DI MICHELE, Appellants, v. JERSEY PORK STORES, INC., Respondent.— Order and judgment reversed on the law, with costs, verdict reinstated and judgment directed for plaintiffs thereon, with costs, on the ground that the writing accepted by defendant and payment made thereon constitute a valid agreement to lease and the defendant could not escape liability by failing to sign a formal lease and take possession of the premises. (*Pratt* v. *Hudson River Railroad Company*, 21 N. Y. 305; *Sanders* v. *P. B. F. Co.*, 144 id. 209; *Newburger* v. *American Surety Co.*, 242 id. 134.) The damages were established by showing the rental of the property for the full term at a fair and reasonable rate of rental. (Williston Cont. § 1405; *Oldfield* v. *Angeles Brewing & Malting Co.*, 62 Wash. 260; *People* v. *St. Nicholas Bank*, 151 N. Y. 592.) The question that one of the plaintiffs did not sign the writing is raised here for the first time. She was the wife of the other owner and we assume that if an objection had been raised at the trial, proof could readily have been made that the husband was her agent to make and sign the contract. It is too late to raise the question now. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

MAX EPSTEIN, Respondent, v. HALPERN AND GREENBERG PROPERTIES, INC., and ALBERT HALPERN, Appellants.— Judgment modified by striking therefrom the provision for costs and as so modified unanimously affirmed, with costs to respondent. Conclusion of law numbered " 1 " is modified accordingly. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ.

JOHN F. GABRIEL, Doing Business under the Name and Style of NIEDERSTEIN'S RESTAURANT, Appellant, v. NIEDERSTEIN'S RESTAURANT, INC., and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.