[No. 23441.   Department Two.   December 11, 1931.]

Rosa Greening, *Respondent*, v. Jacob Herres, *Appellant.*[1]

*M. E. Mack,* for appellant.

*F. A. McMaster,* for respondent.

Beals, J.—Plaintiff, Rosa Greening, under date November 6, 1928, leased to defendant, Jacob Herres, a tract of farm land in Spokane county, for the term of two years, at the yearly rental of two hundred twenty-five dollars, payable annually in advance. Defendant agreed that, at the expiration of the term of his lease, he would leave as much land plowed as there was in that condition at the date of the contract. Plaintiff is a resident of the state of California, where she acknowledged the lease; defendant acknowledging the same in Spokane county. Defendant paid to plaintiff the first year's rent, and, failing to pay the rental for the second year, this action was commenced to recover judgment therefor.

[1]Reported in 5 P. (2d) 992.

Plaintiff alleged, in addition to the facts above stated concerning the lease, that defendant, although he had stated at the time the lease was made that he intended to take possession of the demised premises and live there with his family, had in fact never entered into possession of the farm, nor in any manner cared for the same, and that, by reason of defendant's neglect, the premises had suffered damage, for which judgment was asked in a further amount.

In his answer, defendant admitted the execution of the lease and the payment of the first year's rent, and affirmatively alleged that he never took possession of the premises, and that, during the second year of the term, plaintiff herself ''took actual and manual'' possession thereof. Defendant denied any liability to plaintiff, and prayed for a dismissal.

On the trial, plaintiff introduced evidence in support of the allegations of her complaint, defendant introducing no evidence but contending that, on the pleadings and the testimony introduced by plaintiff, judgment of dismissal should be entered. It was agreed between counsel that, if the court was of the opinion that, as matter of law, plaintiff should prevail, the judgment should include certain amounts as damages. From a judgment in plaintiff's favor for one year's rental, together with fifty dollars damages, that being the amount agreed upon in case it was determined that defendant was liable on the lease, defendant appeals.

Appellant argues that, as it clearly appears from the pleadings and the testimony that he never entered into possession of the demised premises, there can be no liability on his part by way of rent, the relation of landlord and tenant never having existed because of appellant's failure to take possession, and that the measure of damages in such a case is not the rent reserved but the difference between that sum and

the rental value of the premises for the term of the lease. Appellant cites authorities to the effect that, in order to acquire an estate in the land demised, the lessee must enter into possession thereof, and that, until this is done, the lessor remains in possession.

In support of his contention, appellant cites the case of *Oldfield v. Angeles Brewing & Malting Co.*, 77 Wash. 158, 137 Pac. 469. It appears from the opinion in that case that the plaintiff therein agreed to improve a tract of real estate and leased the same to the defendant, and that, upon the completion of the building, the defendant refused to take possession thereof, whereupon the lessor sued for the rent reserved. The case was thrice appealed to this court; the first decision is found in 62 Wash. 260, 113 Pac. 630, 35 L. R. A. (N. S.) 426, Ann. Cas. 1916C 1050, the second in 72 Wash. 168, 129 Pac. 1098, and the third, above cited, in 77 Wash. 158, 137 Pac. 469. In the last opinion filed, this court said:

"Upon the first appeal, we held that the measure of damages flowing from the appellant's repudiation of the lease was the difference between the rent reserved for the term and the reasonable rental value of the premises during the same period, saying: 'There is but one breach, and there should be but one recovery for that breach;' and that, when the appellant refused to take possession of the building and pay rent, a cause of action, 'immediately arose, and the measure of damages was not the rent reserved in the contract, as held by the trial court, but the difference between that sum and the rental value of the premises for the five years fixed in the agreement.'

"On the second appeal, we again said that there was 'but one breach, and that was complete and final, going to the whole contract. It was made by the refusal to accept the building. In such a case, the cause of action is entire, and the measure of damages is the loss suffered, namely, the difference between the entire rent reserved and the entire rental value for the term.'

"In keeping with these views, the question to be tried was this, Was the rental value of the premises for the term, that is for five years, in April, 1909, of greater or less value than the rent reserved in the lease? If the former, the respondent was not damaged; if the latter, his damage was the difference between the two amounts to be fixed at the time the breach occurred. That this is the true measure of damages, is the logic of both of these cases. It is also the rule supported by the great weight of authority."

We are entirely satisfied with the rule of law laid down in the case cited, but the facts of that case differ greatly from those in the case at bar. From the opinion of this court on the first appeal, it appears that the tenant, upon being notified that the building was ready for occupancy, notified the lessor of its refusal to take possession. The issue was then squarely presented to both parties, and it was rightly held that the measure of damages was not the rent reserved in the lease, but as set forth in the opinion above referred to.

In the case at bar, respondent was residing in the state of California, and the evidence is clear that she had no knowledge of the fact that appellant had not taken possession under his lease until sometime after the rental for the second year of the term had become due. Under these circumstances, the rule laid down in the authorities cited by appellant is not applicable. Whether or not, as between the parties, appellant ever acquired an estate under the lease, is immaterial. He entered into a contract with respondent, and is liable to her in case of his breach thereof. Respondent may technically have been in possession of her farm, but, according to the evidence, she was unaware of this fact, and therefore had no opportunity to rent the premises to another, or in any way to protect herself.

A different question would be presented had appellant notified respondent of the situation, and thereby brought home to her knowledge of the fact that the land was vacant.

Appellant had paid a year's rental under the lease, and, under the pleadings and the evidence, it must be held that respondent was justified in assuming that appellant had taken possession of the property. When parties have agreed upon the rental value of real estate by entering into a lease thereof, it cannot be the law that the tenant may neglect to enter into possession, and then, when this fact is brought to the attention of the lessor after a considerable portion of the term of the lease has expired, successfully contend that the measure of damages is the reasonable rental value of the premises, irrespective of the amount of rent which he agreed to pay.

The reason for the rule laid down in the case of *Oldfield v. Angeles Brewing & Malting Co., supra,* is that the lessor had possession of the premises, knew that the lessee had repudiated the lease, and that he could rent them to another, possibly for a sum greater than that called for in the lease. Under the facts of such a case as this, the rule cannot apply, as knowledge of the situation was not seasonably brought home to the owner, and a portion of the rent was paid.

We accordingly hold that, on the date fixed in the lease for the payment of the second year's rental, the amount of such rental became due to respondent from appellant by virtue of the contract between the parties, and that, unless by her subsequent actions respondent has lost the right to recover judgment for this rental, the trial court was correct in allowing her claim. It may also be that, in the absence of any direct testimony as to the reasonable rental value of the land, the agreed

rent should be assumed to be such value. This question is not argued, and we leave the same open.

From the undisputed evidence, it appears that respondent did not learn of the fact that appellant had not taken possession of the farm until during or after the month of December, 1929. Sometime after acquiring this knowledge, respondent went to Spokane, and, finding the farm vacant and grown up in weeds, took possession of the land and plowed the same in order to fit it for the next year's crop. During the month of August following, respondent leased the farm to a third party, who entered into possession thereof during the month of November following. It clearly appearing that the second year's rental had become due, for the amount thereof to be diminished it must appear from the evidence that appellant should be allowed a credit on this sum because of double rental received by respondent. Appellant appeared in the action, answered respondent's complaint, and was represented by counsel at the trial.

We are unable to find in the evidence any testimony whatever from which can be determined the amount of double rental received by respondent, if any, and we consequently hold that, from the record before us, the trial court correctly determined that respondent was entitled to judgment for the full amount of rental due under the lease, together with damages in the sum of fifty dollars, that being the amount stipulated by the parties as respondent's damages in case the court should hold as matter of law that she was entitled to recover such damages in any amount.

Respondent's contentions are supported by the following authorities: *Starwich v. Washington Cut Glass Co.*, 64 Wash. 42, 116 Pac. 459, Ann. Cas. 1913A 262; *Rockwell v. Eiler's Music House*, 67 Wash. 478, 122 Pac. 12, 39 L. R. A. (N. S.) 894; *Galbraith v. Wood,*

124 Minn. 210, 144 N. W. 945, 50 L. R. A. (N. S.) 1034, Ann. Cas. 1915B 609; 36 C. J. 52, *et seq.*

The judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.