[No. 29311. Department Two. July 20, 1944.]

BERCIA T. JUNKIN et al., *Appellants,* v. A. ANDERSON et al., *Respondents.*[1]

[1]Reported in 150 P. (2d) 678.

*Arthur H. Hutchinson* and *Tracy E. Griffin,* for appellants.

*Fred C. Campbell* and *T. M. Royce,* for respondents.

BLAKE, J.—This is an action in conversion, arising out of the sale of an automobile by the sheriff of King county under an execution on a judgment in favor of the defendants and against Ann M. Havery. The case came to trial before a jury. At the close of all the evidence, the court directed a verdict on the ground that the evidence was insufficient to submit to the jury on the issue of plaintiffs' ownership and right to possession of the car at the time of the sheriff's sale. From judgment of dismissal, plaintiffs appeal.

This case came to this court on appeal once before. *Junkin v. Anderson,* 12 Wn. (2d) 58, 120 P. (2d) 548, 123 P. (2d) 759. Appellants invoke the doctrine of the "law of the case." That doctrine is not applicable for the reason that the issue now raised was not presented, discussed, nor de-

cided on that appeal. In *Hamilton v. Cadwell,* 195 Wash. 683, 81 P. (2d) 815, we said, p. 685:

"The 'law of the case' is a rule which should be restricted to such questions as have been presented and decided on the former appeal, and those necessarily involved in such decision."

The major issue on the former appeal was whether appellants were precluded from maintaining the action by an order entered in summary proceedings (to which they were not parties) on the Anderson judgment against Ann Havery adjudicating ownership of the automobile in her. The trial court decided the issue against the appellants. This court reversed the judgment and remanded the cause for retrial.

■■ In an action for conversion, the burden is always on the plaintiff to establish his right to maintain the action: his ownership of and right to possession of the property alleged to have been converted. No matter how many times the cause may be tried this burden is always on the plaintiff. The fact that this court on appeal has held evidence adduced at one trial sufficient to take the case to the jury will not serve to establish the "law of the case" unless substantially the same evidence is adduced at a subsequent trial. *Oldfield v. Angeles Brewing & Malting Co.,* 62 Wash. 260, 113 Pac. 630, 35 L. R. A. (N. S.) 426, 72 Wash. 168, 129 Pac. 1098.

Under this record the facts upon which appellants' ownership and right to possession of the automobile must be determined are as follows: The automobile was the community property of Charles W. and Ann M. Havery. On October 2, 1937, Havery executed and delivered a chattel mortgage on it to Ray W. Sullivan to secure the sum of $567.90. Havery died November 10, 1937. On November 27, 1937, S. J. See was appointed administrator of his estate upon petition of the widow. Sometime thereafter, with the consent of See, but without authority of the court, Sullivan took possession of the car in satisfaction of the balance due on the mortgage debt. On January 21, 1938,

Sullivan addressed a letter to the attorney for the estate, reading as follows:

"It is hereby agreed that we will hold the . . . car until February 10, 1938.

"In case Mr. See wishes to take care of the delinquent payments, which amount to $94.65, before February 10th, he may do so and carry on the contract."

On February 10th the chattel mortgage was brought in good standing with money put up by Junkin, Mrs. Havery's son-in-law. The car was delivered to Mrs. Havery and remained in her possession until September, 1939, when it was seized and sold under execution issued on Anderson's judgment against Mrs. Havery. In the meantime the chattel mortgage had been paid out with money put up by Junkin. Upon receipt of the final installment on the mortgage, Sullivan surrendered the certificate of title, which designated C. W. Havery as "Registered Owner" and Ray W. Sullivan as "Legal Owner." The last payment on the mortgage was due April 2, 1939, and it is a fair inference that it was made when due.

Mrs. Havery, however, on April 29, 1939, filed a petition in the Charles W. Havery probate proceeding, asking that all the property of the estate, including the automobile, be awarded to her in lieu of homestead. An order was entered May 9, 1939, granting the petition. Nevertheless, she and appellants testified that she had parted with, and appellants acquired, all her right, title, and interest in the car on February 10, 1938, the date Junkin put up the money for the delinquent payments on the Sullivan mortgage.

Upon the foregoing facts we think that appellants made a *prima facie* case of ownership and right to possession as between themselves and Mrs. Havery.

The question is whether they made a case for the jury as against respondents Anderson. Respondents say not. Their position is that the property was subject to administration in the estate of Charles W. Havery and could not be sold without authority of the court in view of Rem. Rev. Stat., § 1492 [P. C. § 9974], which provides:

"The court may order real or personal property sold or

mortgaged . . . but no sale or mortgage of any property of an estate shall be made except under an order of the court, unless otherwise provided by law."

■■ In the light of that statute, of course, the administrator, by sale or by surrender of the automobile without an order of the court, could not pass title to it. Were legal title a prerequisite to an action for conversion the position of respondents would be sound. But it is not. 28 Am. & Eng. Ency. of Law (2d ed.), p. 658 (Trover and Conversion); 65 C. J., Trover and Conversion, 60, § 94; Bowers, The Law of Conversion, p. 314, § 430; *Montesano Nat. Bank v. Graham,* 40 Wash. 490, 82 Pac. 881; *Junkin v. Anderson,* 12 Wn. (2d) 58, 120 P. (2d) 548, 123 P. (2d) 759, *supra.*

■ Or, if respondents' judgment were predicated upon a claim against the estate of Charles W. Havery, they could set aside the sale, for, obviously, a sale or encumbrance made by the administrator without an order of the court would not be good as against an heir, devisee, or creditor of the estate. But the statute does not prevent an heir, devisee, or creditor relinquishing his rights in property of the estate. This is just what Mrs. Havery, according to the purport of her own and appellants' testimony, did on February 10, 1938.

If respondent Anderson's judgment were upon a claim against the estate, he would be in a position to challenge, under the terms of the statute, the validity of appellants' claim of ownership as a matter of law. But it was not. The judgment upon which execution was issued and levied on the automobile was in an action against Ann M. Havery individually. The purchaser at the sale on execution acquired only such interest in the automobile as Mrs. Havery had at the time of levy. According to the evidence adduced by appellants, she had none.

Respondents argue that Sullivan, by taking the car with the consent of the administrator, acquired no rights in it which he could transfer to appellants. This argument is based in some degree upon the fact that Sullivan had assigned the mortgage. Of course, a mortgage merely constitutes a security for debt. Without foreclosure it does

not vest in the mortgagee any interest in the mortgaged property. Appellants' ownership of the automobile, however, derives, according to their evidence, from Mrs. Havery, not Sullivan. It follows that appellants' evidence was sufficient to take the case to the jury.

The judgment is reversed and the cause remanded, with direction to grant a new trial.

SIMPSON, C. J., MILLARD, ROBINSON, and MALLERY, JJ., concur.

September 9, 1944. Petition for rehearing denied.