THOMAS F. BUTTERFIELD v. JAMES W. KIRTLEY, WILLIAM KIRTLEY, EDWARD KIRTLEY AND HENRY KIRTLEY, Appellants.

**Forcible Entry and Detainer:** JUDGMENT AGAINST ALL IN POSSESSION. It having been shown that all of the defendants were in possession, though there was no subsantial proof of a joint lease to them, plaintiff was entitled to a judgment against each.

EXPRESS TENANCY: *Instructions.* Where the deed was absolute on its face, and there was no evidence that it was intended as a mortgage, an instruction, that if the defendant grantor believed that he was the owner, and that plaintiff was only entitled to be paid a debt due him, and that defendant's held possession under this belief, there would be no express tenancy, was properly refused as not based on the evidence.

EVIDENCE: *Title.* Action was brought for the forcible detention of certain land by a party claiming under a deed from one of the defendants, to whom such land was claimed to have been subsequently leased. Defendants claimed plaintiff's interest to be only that of a mortgagee. Plaintiff introduced evidence

that in the consideration of the settlement of a suit the defendant had conveyed the land in fee, and that such defendant continued to work the land under different agreements, the codefendants assisting him in his work. *Held*, that such evideed is not admissible.

*Consideration for deed.* In an action for the forcible detention of land, where plaintiff claims under a deed from one of the defendants, the sufficiency of the consideration is not in issue, and evidence as to the value of the land at the time of the deed is not admissible.

*Principal and agent.* A witness testified that he had talked with plaintiff or his son. *Held*, that in the absence of evidence to show that the plaintiff was bound by his son's statement, or evidence from which it could be determined with which of the two the conversation was had, such evidence was inadmissible.

*Appeal from Clinton District Court.*—HON. A. J. HOUSE, Judge.

TUESDAY, OCTOBER 8, 1901.

ACTION for forcible detention of real property. Plaintiff alleges that by verbal contract he leased to defendants the land described, for a term of years, that he served notice upon them terminating said lease March 1, 1899, and that defendants hold over after the termination of said lease, and refuse to surrender possession; wherefore he asks judgment for posession. James W. Kirtley answered, admitting the service of notice, and denying that he is, or ever was, a tenant of the plaintiff on said land, and alleged "that he now is, and for more than forty years last past has been, the sole owner of said real estate in fee simple, and that the only interest that said plaintiff now has or ever had in said property is as mortgagee." The defendants William, Edward, and Henry Kirtley answered separately, admitting the service of notice, and denying that they, or any of them, are, or ever were, tenants of plaintiff on said land, and alleging that Edward and Henry hold said land under verbal lease from James W. Kirtley, the owner thereof. On appeal from the justice of the peace, judgment was rendered in the district

court in favor of the plaintiff. Defendants appeal.—*Affirmed.*

*Hayes & Schuyler* and *P. H. Judge* for appellants.

*W. A. Cotton* and *Pascal & Armentrout* for appellees.

GIVEN, C. J.—Fifty-six of the 101 assignments of error relate to rulings on taking the testimony. Plaintiff claims right to possession as owner of the land under a deed from James W. Kirtley and by virtue of the service of the notice to terminate the lease to the defendants. The defendants admit possession of the land and service of notice; James W. claims as owner, and that plaintiff's interest is only that of a mortgagee; and Edward and Henry claim under a lease from James W. It is undisputed that, if plaintiff owns the land, he is entitled to possession, as by his notice he terminated the right to possession in the defendants; but, if James W. owns the land, he and his sons holding under him are entitled to possession. The testimony objected to is to the effect that some years ago, in consideration of the settlement of a suit between them and the payment of a sum of money, the defendant James W. conveyed the land in question to the plaintiff by a deed absolute on its face, and that he thereafter continued to occupy and cultivate the land under different agreements with the plaintiff, made from time to time; the other defendants, his sons, assisting him in the work. It was to terminate this possession that the notices were given, and, if plaintiff is the owner of the land, the notices had the effect to terminate all right of possession in the defendants. There was no error in admitting the deed and this testimony.

Defendants offered evidence as to the value of the land at the time the deed was made, to which plaintiff's objection was sustained. There was no error in this ruling, as there was no issue as to the validity of the deed or the sufficiency of the consideration therefor.

A witness testified that he talked with the plaintiff or his son, and was then asked what was said about the ownership of the land, to which plaintiff's objection was sustained. The ruling was correct, as there was no evidence to show that the plaintiff was bound by the statements of his son, nor from which the jury could determine with which of the two the conversation was had.

II. At the conclusion of the evidence for the plaintiff, each defendant separately moved for a verdict, which motions were overruled. The contention is that there was no evidence of a joint lease to the defendants, and that, therefore, the motions should have been sustained, and particularly so as to William Kirtley. The defendant James W. and his sons, William, Edward, and Henry, were all living upon the land, James W. claiming as owner, and Edward and Henry claiming under him. It may be true, as claimed, that there was no substantial proof of a joint lease to the defendants; but they were all in possession, and, if wrongfully so, the plaintiff was entitled to judgment against each.

III. Defendants asked an instruction to the effect that, if James W. believed that he was the owner of the land, and that the plaintiff was only entitled to be paid a debt due him, and they held possession under this belief, there would be no express tenancy. There was no evidence to call for such an instruction, the deed is absolute on its face, and there is an absence of evidence to show that it was intended as a mortgage.

It is said that the charge was not definite and specific enough, but we regard it otherwise. We think it fully and fairly submitted the case to the jury. We discover no prejudicial error, and the judgment is therefore AFFIRMED.