THOMAS F. BUTTERFIELD v. JAMES W. KIRTLEY, WILLIAM KIRTLEY, EDWARD KIRTLEY AND HENRY KIRTLEY, Appellants

**Damages:** TENANT HOLDING OVER. The yearly rental value of farm lands furnished the proper basis on which to estimate the damages occasioned by the wrongful holding over of the lessee.

STIPULATION AS TO POSSESSION. In an action against lessees for holding over, a stipulation providing that on a certain day defendants should turn over to plaintiff possession of the land, unless an appeal bond was given, did not entitle defendants to retain possession until that day, and thereby relieve them from liability for damages for such detention, where it was further agreed that the stipulation should not affect any rights which plaintiff might have in the pending suit.

JUDGMENT NOT SUSTAINED BY EVIDENCE. In a suit against lessee for holding over, where there was not only an entire absence of evidence to show that a certain defendant had any connection whatever with the land during the period sued for, but it appeared affirmatively that he resided distant therefrom, and had no use or. possession thereof whatever, judgment against him was erroneous.

**Evidence:** *Harmless error.* Admission in evidence of a declaration made by one of the several defendants in an action was harmless error, if he should not have been made a party.

ESTOPPEL TO OBJECT TO. In an action against lessees for holding over, where defendants set up in answer a justice's judgment in their favor in a forcible detainer proceeding, they could not afterwards object to the admissibility of a subsequent judgment of the district court in favor of the plaintiff on appeal from the justice.

ADMISSIONS OF ONE ATTACHMENT DEFENDANT. In an action where an attachment was sued out on the ground of concealed property, statements made by one of the defendants as to the disposition of his property were admissible on plaintiff's part, as tending to show whether the attachment was rightfully issued.

**Practice:** CUMULATIVE INSTRUCTIONS. Requested instructions are properly refused where fully covered by those already given.

SPECIAL INTERROGATORIES. Where defendant requested thirty-six special findings, many of them as to incidental questions, and such
7   as to confuse the jury, the court committed no error in submitting six interrogatories fully covering the ultimate questions involved, and in refusing the balance.

*Appeal from Clinton District Court.*—HON. W. F. BRANNAN, Judge.

FRIDAY, DECEMBER 20, 1901.

ACTION commenced July 3, 1899, to recover damages for an alleged wrongful and forcible holding possession of certain lands by the defendants, alleged to belong to the plaintiff, from March 1, 1899, after the expiration of their lease, and after notice to quit. The action was aided by an attachment sued out upon the ground "that each and all of said defendants have jointly and severally property or rights of action which he or they conceals or concealed," which attachment was levied upon certain growing crops on the land in question. The defendant James W. Kirtley answered, denying that the plaintiff owned the land or was entitled to possession thereof, and alleging that he (James W.) was the owner of said land, and that plaintiff's only interest was as a mortgagee. He also set up the pendency of an action of forcible entry and detainer as to said land between these parties, and asked to be dismissed with costs. Edward and William Kirtley answered, denying generally. Henry Kirtley answered, denying that he ever was a tenant of the plaintiff, and alleging that he was a tenant of James W. Kirtley. He also set up the pendency of said other action, and, by way of counterclaim, alleged that said attachment was wrongfully sued out and levied on property of this defendant, wherefore he asks to recover damages. Plaintiff replied, denying every allegation in said counterclaim, and, upon trial had, verdict and judgment were rendered in favor of the plaintiff for $300. Defendants appeal.—*Reversed* as to defendant William Kirtley, and *affirmed* as to the remaining defendants.

*Hayes & Schuyler* and *P. H. Judge* for appellants.

*W. A. Cotton* and *Pascal & Armentrout* for appellee.

GIVEN, C. J.—I.  On the twenty-fifth day of February, 1899, plaintiff commenced said action of forcible entry and detainer against these defendants to recover possession of this land, and in that case the same issues were joined as to title and right to possession that are joined in this case.   On appeal in that case to the district court, judgment was rendered in favor of the plaintiff, which on appeal to this court was affirmed. See 114 Iowa 520. In that case the issues as to title and right of possession were adjudicated against the defendants, and all that we need consider in this case are the issues as to damages for the retention of the land, and on the counterclaim.   Of the 104 errors assigned on this appeal, many of them relate to the issues as to title and right of possession, and present the same questions that were presented and ruled upon on the appeal in the other case.   That case was tried while this was pending, and whether that adjudication is controlling in this case we need not determine; for we adhere to our former rulings on these questions, and will now only consider the errors assigned based upon the claims for damages.

II.   We first notice appellants' complaints against rulings on evidence.  The action is to recover for wrongful detention from March 1, 1899, and was commenced July 31, 1899.  There was no error in permitting plaintiff to prove the yearly rental value of the land, as that was a proper basis upon which to estimate damages for the period the land was detained, and also proper because farm lands such as these usually rent by the year.   Evidence was admitted as to declarations made by Edward Kirtley, and it is insisted that this was error, because the evidence showed that he should not have been a.

VOL. 115 IA—14

party to the action. If it so showed, the evidence was without prejudice. Plaintiff was allowed to introduce in evidence the judgment of the district court in the forcible entry and detainer case, and it is said this was error, because it was rendered after this suit was commenced. Defendants James W. and Henry set up the pendency of that action and the judgment of the justice of the peace in their favor in their answers. If this was competent and material, then certainly it was competent and material to show the result in the district court. Having so pleaded, we think the appellants have no cause for complaint. There was no error in permitting plaintiff to prove the statements made by Henry Kirtley as to the disposition of his property, as it bore directly upon the issue as to whether the attachment was wrongfully sued out.

III. On the third day of February, 1900, the parties entered into a stiuplation concerning the disposition to be made of the attached property, and in which it was provided that the defendants should on February, 10, 1900, turn over to the plaintiff the possession of said real estate, unless appeal bond is given. It is claimed that this gave them the right of possession to February 10, 1900; but not so, as it was agreed that the stipulation should not affect any rights which plaintiff may have in the suit now pending and on trial. The instructions were in harmony with this construction of the stipulation. Appellants complain of a refusal to give each of nine instructions asked, the first four of which relate to the issues as to ownership and right to possession, and the others to what we have already said as to yearly rental value and the stipulation. In so far as the issues of ownership and right to possession are concerned, there was no error in the refusal, as the subject was fully covered in the instructions given, and, for the

reasons already stated, there was no error in refusing the other instructions asked.

IV. Appellants present 36 special findings, and complain that only a part of them were submitted. The court submitted 2 interrogatories, namely, whether the deed from James W. Kirtley and wife to Thomas F. Butterfield "was intended by the parties to it to be a deed in fee simple," or whether it was intended to be a mortgage, and 4 interrogatories bearing upon the question of damages. These interrogatories fully cover the ultimate questions involved. The 36 interrogatories presented by appellants were many of them as to incidental questions, and were such as would tend to confuse the jury. We discover no error in the action of the court upon interrogatories.

V. There is not only an entire absence of evidence to show that the defendant William Kirtley had any connection whatever with the land during the period sued for, but but it appears affirmatively that he resided distant from the land, and had no use or possession thereof whatever. The question as to his liability is raised by the motion for a new trial and otherwise, and we think, as to him, there is no evidence to support the verdict, and that therefore the judgment as against him, should be REVERSED.

What we have said fully disposes of the questions necessary to be considered, and leads to the conclusion that the judgment must be REVERSED as to defendant William Kirtley, and AFFIRMED as to the other defendants; the other defendants to pay costs.—AFFIRMED.