[Civil No. 1718.   Filed June 18, 1920.]

[190 Pac. 568.]

## D. J. GENARDINI, S. L. BUTLER, P. MARGOSIN and FRANCISCO GALLEGO, Appellants, v. MOSE KLINE, Appellee.

1. APPEAL AND ERROR—INCLUDING, AFTER REMAND ON APPEAL IN JUDGMENT IN POSSESSORY ACTION, RENTS ACCRUING AFTER JUDGMENT NOT REVERSIBLE ERROR.—Inclusion in a judgment rendered in an action for possession of real estate, on motion for judgment in accordance with mandate of Supreme Court, of rents accruing after entry of original judgment, did not violate the mandate of the Supreme Court; failure to make an independent motion for judgment for the rent being of little moment so far as the merits were concerned.

2. EJECTMENT—STATUTE CONTEMPLATES THAT RENTAL VALUE DETERMINED IN POSSESSORY ACTION MAY BE BASIS OF MOTION FOR RENT

AFTER JUDGMENT.—Civil Code of 1913, paragraph 1646, relating to motions for rental value of property after judgment, contemplates that rental value of the premises in a possessory action may become an issue determinable in a regular trial and before a jury, if requested, and the rental value thus found is to guide and control the judgment for rent that accrues after judgment and before delivery of possession, or that accrues pending appeal, when sought by the summary proceeding of a motion, in view of paragraphs 1627–1647.

3. MOTIONS—MUST BE SUPPORTED BY AFFIDAVIT.—A motion is not a pleading, although it is often directed at a pleading and usually grows out of a pending cause, and if it is based on some matter of fact, it must be supported by affidavit that the facts are true.

4. MOTIONS—MAY BE ORAL.—Unless required by statute to be in writing, a motion may be oral.

5. MOTIONS—"MOTION" DEFINED.—A "motion" is an application made to a judge or to the court for the purpose of obtaining a rule or order directing some act to be done in favor of the applicant.

6. EJECTMENT—MOTION FOR JUDGMENT FOR RENT ACCRUING AFTER JUDGMENT IN POSSESSORY ACTION MAY BE INFORMAL.—The legislature used the word "motion" in Civil Code of 1913, paragraph 1646, relating to motions for judgment for rents accruing after judgment and before delivery of possession in possessory actions, in its generally accepted meaning, and a successful contestant in an action to recover real property may make his application informally.

7. EJECTMENT—RULE FOR ESTIMATING DAMAGES FOR WITHHOLDING FARM LAND STATED.—Farm lands are generally not let by the month but by the season, and consequently damages for land must be based upon the season, and hence Civil Code of 1913, paragraph 1644, is not to be applied in construing paragraph 1646, as to rental value accruing after judgment and before delivery of possession in a possessory action.

8. CONSTITUTIONAL LAW — EJECTMENT — STATUTE PERMITTING JUDGMENT FOR RENT ACCRUING AFTER JUDGMENT AND BEFORE SURRENDERING POSSESSION IN A POSSESSORY ACTION DOES NOT DENY DUE PROCESS.—Civil Code of 1913, paragraph 1646, providing for a motion for judgment for the rental value of premises between judgment and delivery of possession in a possessory action, does not violate the due process of law clauses in Constitution, article 2, section 4, and the fourteenth amendment to the United States Constitution.

APPEAL from a judgment of the Superior Court of the County of Cochise. Alfred C. Lockwood, Judge. Affirmed.

Mr. John F. Ross, Mr. Bruce Stephenson and Messrs. Doan & Doan, for Appellants.

Messrs. Boyle & Pickett, for Appellee.

ROSS, J.—The present case is ancillary to and grows out of another case hereinafter mentioned, and is over the rental value of lots 21 and 22, block 82, of the city of Douglas, and the buildings thereon. It arises in this manner: In the superior court of Cochise county the plaintiff (appellee) and defendants (appellants), as such, contested the right to the possession of said premises. On February 28, 1917, judgment awarding the possession to appellee, Kline, was entered, and as a part of said judgment, and based upon the jury's answer to an interrogatory, the rental value of said premises from July 1, 1916, to January 25, 1917, was fixed at $200 per month for the purpose of fixing appellee's damages for withholding possession from him. Thereafter appellants appealed the case to the Supreme Court, where the judgment of the superior court was affirmed with slight and unimportant changes. 19 Ariz. 558, 173 Pac. 882. Upon the return of the mandate to the lower court, August 17, 1918, counsel for both parties being present, appellee moved "for judgment against appellant in accordance with the mandate of the Supreme Court duly issued, and did in open court give notice of motion for judgment against appellants for the rent or rental value of said premises as provided by paragraph 1646, Revised Statutes of Arizona of 1913, to be made on the twenty-fourth day of August, 1918." Appellants at the time waived the statutory ten days' written notice thereof. The hearing on the motion was continued from August 24 to August 31, 1918. On the last-named date, all parties being represented, appellee presented to the court a form of judgment for the court's signature. This judgment, it appears, was

in conformity with the mandate and, in addition, awarded appellee as damages, pending the appeal, $1,110, based upon a rental value of premises at $200 per month. The minute entry made by the clerk of the court shows this as what took place:

"Counsel for defendants [appellants] objects to the form of judgment presented on the ground that the same does not conform to the mandate of the Supreme Court of the state of Arizona. Court heard counsel in the premises, granted the motion and overruled the objections of the defendants [appellants], and signed and entered judgment for plaintiff [appellee] as presented."

The statute under which the motion for judgment for rental value of premises, pending the appeal, was made, reads as follows:

"The plaintiff may have judgment for the rent or rental value of the premises which accrues after judgment and before delivery of possession, by motion in the court in which the judgment was rendered, ten days' notice thereof in writing being given, unless judgment is stayed by appeal and bond given to suspend the judgment, in which case the motion may be made after the affirmance thereof." Paragraph 1646, Civ. Code 1913.

It is proper, we think, to state that no motion was made for a new trial, and, so far as shown by the record, the trial court's attention was not called to the second and third errors now urged for the first time as grounds for reversing the judgment. The trial court therefore was given no opportunity to examine these two questions here for review.

Appellants assign three errors, as follows: (1) "The court erred in entering judgment as entered, for that said judgment entered did not conform to the mandate of the Supreme Court; (2) the court erred in rendering judgment against the appellant D. J. Genardini for $1,110 on the said motion for rent or rental value of said premises for the period pending

the appeal, without taking evidence to support the same''; and (3) it is claimed that, inasmuch as no evidence was submitted in support of motion, appellants' property was taken without due process of law, in violation of section 4, article 2, of the Constitution of Arizona, and the fourteenth amendment to the Constitution of the United States.

From the above statement of facts (which are stipulated by counsel), we think it unnecessary to give much attention to the first point. If the court had jurisdiction of the parties and the subject matter of the motion, and at the time the formal written judgment on the mandate was presented to him he was shown that appellee should recover the rent that had accrued pending the appeal, we cannot see how appellants could be prejudiced by including in that judgment also the item of rent. Its inclusion in the judgment did not disregard nor violate in the slightest the mandate of the Supreme Court, and whether the course adopted, or the more formal course of a separate and independent motion for judgment for rent, was followed, was of little moment so far as the merits of the question to be decided was concerned.

The second error assigned is of a more serious nature. It is the contention of appellants that it was the duty of the court, upon the hearing of motion for judgment for rent or rental value of premises that had accrued pending the appeal, to take and hear evidence for the purpose of ascertaining such rental value, and that, the conceded fact being that no evidence was adduced, the judgment for rent was erroneous. They say:

"This statute (paragraph 1646) is silent on the question as to how the court will determine the amount of rentals due for the premises during such period of time, but, in the very nature of things, such a motion does raise an issue of fact as to what the rental value of said premises is for such period that must be determined by the court."

On the contrary, it would seem that the issue of fact as to the rental value had already been settled in the trial of the right of possession, and that the provisions of paragraph 1646 were intended to give the successful litigant an easy, quick and inexpensive remedy to recover the rent of premises pending the appeal. Paragraph 1646 does not stand alone. It is only part of the statute law concerning "actions for the recovery of real property." Paragraphs 1627–1647, Civ. Code. Its meaning and purpose can be seen only by considering it in connection with all the text on the subject matter. Under paragraph 1631, damages, including rents, may be asked for in the complaint. Paragraph 1641 mentions use and occupation of the premises as items that may be recovered. Paragraph 1643 limits the amount of rent that may be collected from the tenant therein named "to the rent in arrears at the time of suit brought . . . and that which may afterwards accrue during the continuance of his possession."

The law contemplates, therefore, that the rental value of the premises in a possessory action therefor may become an issue, as it did in the present case, determinable in a regular trial and before a jury, if requested. The rental value thus found is to guide and control the judgment for rent that "accrues after judgment and before delivery of possession," or that accrues pending appeal when sought by the summary proceeding of a motion. This must be so when we take into consideration the ordinary functions of a motion. A motion is not a pleading, although it is often directed at a pleading and usually grows out of a pending cause. If it is based on some matter of fact, it must be supported by affidavit that the facts are true. Unless required by statute to be in writing, it may be oral. A motion is an application made to a judge or to the court for the purpose of obtaining a rule or order directing some act to be done in

favor of the applicant. 19 R. C. L. 671, 672–675; 22 Cyc. 3, title "Motions."

If appellants' contention is well founded, the "motion" referred to in paragraph 1646 is not a motion as generally understood, but is in fact a complaint for debt that may be traversed and the issue tried, if demanded before a jury. It would seem more reasonable to assume that the legislature used the word "motion" in its generally accepted meaning, and, if so, the statute gives to the successful contestant in an action to recover real property the right to make application informally, and by motion for judgment for rent or rental values which accrues after his judgment of possession based upon the value of such rent as found in the main action.

Nor do we think a different conclusion is demanded because in paragraph 1644 it is provided, in case the defendant is a cropper, the value of the premises for the cropping season shall be found and he permitted, upon executing a bond in double the amount to plaintiff, to remain on the premises until crops are harvested or until the first day of February next succeeding.

The rule for estimating damages for the withholding farm lands is necessarily different from the rule applicable to other real property. Farm lands are generally not let by the month but by the season, and consequently damages or rent must be based upon the season. *Butterfield* v. *Kirtley,* 115 Iowa, 207, 88 N. W. 371.

It is suggested that rental values fluctuate, and to adopt the value fixed by the court for the time the premises were occupied prior to the entry of judgment as the value after the time of entry of judgment until possession is given over would certainly work a hardship upon one or the other of the parties. This is no more true than when the parties fix the values by agreement, for in such case rental values may go

up or down, but the agreement stands. While under an agreement fixing the value of rents the rental value may increase or decrease and no relief be had, the loser in a contest over the possession of realty is compelled to pay the rental value fixed by the court only so long as he chooses to retain possession thereof. He may surrender possession and be relieved from the obligation to pay rent at any time he chooses.

What we have said with reference to the second point, we think, fully disposes of the third and last errors assigned. The appellants had their day in court upon the issue of the rental value of the premises and in a trial free from error a jury fixed that rental value at $200 per month.

The judgment of the lower court is affirmed.

BAKER, J., concurs.

CUNNINGHAM, C. J. (Specially Concurring.)— I concur in the order affirming the judgment, but in so doing I do not concur in the construction placed on paragraph 1646 as to the status in pleading of the motion therein mentioned.

I regard the procedure by motion under paragraph 1646 as a special proceeding upon a summary application made in the original action after judgment, else no appeal is allowed from an order based on such motion to this court. Paragraph 1227, subdivision (6), Civil Code of Arizona of 1913, provides an appeal from a final order made in such proceeding where the order affects a substantial right. The procedure intended in such matter is wholly different from the procedure required by chapter 26, title 6, Revised Statutes of 1913, "motions" in suits pending. Paragraph 1646 requires written notice of the motion to be given the opposing party. Such notice must be filed with the clerk of the court, else why in writing?

Paragraph 659, Civil Code of Arizona of 1913, a part of the chapter prescribing the procedure on motions in suits "pending," is instructive, if not binding, authority, to wit:

"All motions required by law or by any rule of court to be in writing, shall be filed with the clerk and a copy served on the adverse party or his attorney."

The "notice" mentioned in paragraph 1646 is the "motion" referred to in 696, if such paragraph controls directly or by analogy. The notice referred to is the pleading required to invoke the action of the court. Paragraph 418, Civil Code of Arizona of 1913, requires that—

"The pleadings shall be in writing, and signed by the party, or by his attorney, and filed with the clerk of the court."

At the hearing of the application for a judgment for rent accruing pending the appeal the defendants were present and had their day in court, and did not question the course of procedure followed in the matter. When the court acted the defendants appealed, and on appeal in this court they, for the first time, allege that they are denied due process of law, when they have not heretofore claimed such injury. By their silence when it was their duty to speak, they are not now permitted to speak to the injury of their adversaries or to place the trial court in error.

For these reasons alone, I concur in the order of affirmance of the judgment.