[Civil No. 1987.   Filed June 5, 1922.]

[207 Pac. 367.]

## D. J. GENARDINI, Appellant, v. MOSE KLINE, Appellee.

LANDLORD AND TENANT — RENTAL VALUE FIXED BY JUDGMENT FOR TENANT IN ACTION FOR POSSESSION IS BASIS FOR DAMAGES ACCRUING AFTER SUCH JUDGMENT AND BEFORE DELIVERY OF POSSESSION OR AFTER ITS AFFIRMANCE ON APPEAL.—Under Civil Code, paragraph 1646, providing that in actions for recovery of real property the plaintiff may have judgment for the rental value which accrues after judgment and before delivery of possession by motion in the court in which judgment was rendered, in an action by a tenant against a landlord to gain possession of leased premises, where the court found the damage of the tenant from being excluded from possession was $60 per month, and entered judgment for him on that basis for damages to the date of judgment on judgment for the tenant being affirmed on appeal, granting judgment on motion of the tenant for $60 per month damages from the date of judgment to the termination of the lease, which had been extended by a notice of the tenant according to the provisions of the lease, without taking evidence as to the rental value during the period over which the lease was extended, was proper.

APPEAL from a judgment of the Superior Court of the County of Cochise.   A. C. Lockwood, Judge. Affirmed.

See, also, 19 Ariz. 558, 173 Pac. 883, and 21 Ariz. 523, 190 Pac. 568.

Messrs. Doan & Stephenson, for Appellant.

Messrs. Boyle & Pickett, for Appellee.

ROSS, C. J.—The appellee, Mose Kline, ·in 1915 leased some Douglas, Arizona, business property from appellant, Genardini, for three years, with the privilege of renewal for two years, at the agreed rental of $140 per month, or $1,680 per year.   Gen-

ardini having refused to give over possession, Kline brought suit upon the lease and recovered judgment for the possession of the property. The case was appealed to this court, and the judgment of the lower court was affirmed. 19 Ariz. 558, 173 Pac. 883. In the suit for the possession of premises the rental value thereof was assessed at $200 per month from July 1, 1916, to January 25, 1917, entitling Kline to recover from Genardini as damages the difference between the rent he had agreed to pay and the rental value as fixed by the jury, or $60 per month. When the cause was remitted to the trial court in August, 1918, Kline moved for judgment against Genardini for such difference of $60 per month, which was granted, and judgment was entered, in favor of Kline against Genardini, on that basis up to August 31, 1918. From this judgment Genardini also appealed to this court, and in an opinion reported in 21 Ariz. 523, 190 Pac. 568, the judgment was affirmed.

The present controversy is over the rent of the premises from August 31, 1918, to July 20, 1920, and it arose in this way: Kline, before the expiration of the term of his fixed lease of three years, served Genardini with written notice of his election to have it extended two more years as stipulated. Thereafter, on July 20th, Kline made a motion, entitled in the original action, for judgment against Genardini for the difference between the rent reserved in the lease and the rental value of $200, or for $60 per month, and after a hearing upon said motion judgment was entered for the sum of $1,358.60.

From this judgment Genardini appeals, and assigns two reasons why the judgment should not be permitted to stand. The first one is that he offered, when or about the time he was served with notice by Kline of his election to have the lease extended, to turn over possession of the premises; and, second, that the court, in entering judgment in favor of Kline

at $60 per month, denied him his day in court, and in doing so denied him due process of law.

It may be well to state that, although Kline has been entitled, during the whole term of his lease, to the possession and use of said leased premises, the same, and the possession thereof, has been retained and occupied by Genardini and *his* lessees continuously. He has ignored his contract obligation to turn the property over to Kline, and has been, all the time, a tenant at sufferance of Kline. He now contends that he offered to deliver possession to Kline, and he sets that up in his answer to motion for judgment, and supports it with his affidavit and the affidavit of another. But taking what is contained in affidavits as true, they do not establish a legal tender of possession, and this evidently was the view the trial court took. Of course, if Genardini turned over the possession of leased premises, or in good faith made a sufficient tender to Kline of the possession under the former decision of this court in this case, Genardini would have been relieved from paying the rent claimed. 21 Ariz. 523, 190 Pac. 568.

The contention that the proceeding by motion is not due process of law, and may not be availed of by successful plaintiff in a possessory action of this kind, is completely answered in our former opinion.

We are satisfied that where the rental value of premises is an issue in such proceeding, and is ascertained and fixed by the judgment therein, such rental value, under paragraph 1646, Civil Code, becomes, and is, the basis for a judgment, upon motion, for damages "which accrue after the judgment and before delivery of possession," or which accrue "after affirmance thereof" in case the judgment is stayed by appeal. In this case, instead of entering judgment in favor of Kline for $200 per month, the rental value as found by the jury, the judgment was for the sum of $60 per month, which correctly represents

Kline's loss, as under his lease contract he was to pay only $140 per month for the premises. We do not think it was ever intended, as appellant seems to contend, that the owner of premises might lease them, and thereafter refuse to deliver possession, and because perhaps rental values fluctuate require the successful lessee, in an action for possession of the premises wherein the rental value of the premises is litigated and determined, to establish by evidence the monthly rental value of premises that has accrued pending the litigation, or subsequent thereto.

The judgment of the lower court is affirmed.

McALISTER and FLANIGAN, JJ., concur.