# J. R. COOPER v. W. B. GORDON.

### (164 N. W. 21.)

**Demised premises — possession of — withheld from lessee — lessor — action for possession.**

1. Where possession of the demised premises is withheld from the lessee he may maintain an appropriate action against any person, including the lessor, who so wrongfully withholds the possession from him.

**Adverse claims — statutory action — to determine — lessee may maintain.**

2. The lessee may assert his right to such possession by a statutory action to determine adverse claims.

Opinion filed July 9, 1917.

From a judgment of the District Court of Bottineau County, *Burr,* J., defendant appeals.

Affirmed.

*Weeks & Moum,* for appellant.

"A cropper's contract gives the cropper no legal possession of the premises further than as an employee; the legal possession is in the employer, who alone can maintain trespass." 12 Cyc. 980, and notes.

Respondent's duty under the contract was to perform personal service, and he could not be compelled to specifically perform. Comp. Laws 1913, § 7197.

And, if one party to a contract cannot be compelled to specifically perform, the other party occupies the same position. Comp. Laws 1913, § 7193.

*Bowen & Adams,* for respondent.

"No particular words are necessary to create a lease, and whatever is sufficient to explain the intent of the parties that one shall devest himself of the possession, and the other to come in for a determinate time, amounts to a lease." 24 Cyc. 894A.

An action to determine adverse claims may be maintained by any person having an estate or interest in lands, and possession shall be awarded to the party who has the paramount right or claim to the property. Comp. Laws 1913, §§ 8144, 8153; 24 Cyc. 1049 (II.), 1051.

In such actions the district court has original jurisdiction, and the facts necessary to state a cause of action are not the same as those required in forcible entry and detainer. Ottow v. Friese, 20 N. D. 86, 126 N. W. 503.

CHRISTIANSON, J.   Plaintiff brings this action to determine adverse claims, and thereby seeks to obtain possession of a tract of land in Bottineau county in this state.   The material and undisputed facts are as follows: On November 5, 1915, the plaintiff entered into a contract with the defendant, Gordon, who was the owner of certain lands in Bottineau county, under the terms of which the defendant did "demise, lease, and let"—to the plaintiff the premises in question, and the defendant agreed to hire and take said premises for the term of one year commencing on the 1st day of December, 1915, and expiring on December 1, 1916.

The contract provides for an equal division between the parties of the crop to be produced in 1916.   It further provides that in case the plaintiff should fail to perform any of the covenants to be performed on his part that then the defendant, his heirs, executors, administrators, or assigns should have the lawful right "to re-enter and take full and absolute possession" of said premises; that the plaintiff is not to sublet any part of the premises or "to use or occupy the premises above described, or any part thereof, for any other purposes than those  .  .  . mentioned, and not to make any alterations, additions, or change in or about said premises, nor do or permit to be done anything that shall lessen the value of said premises, or increase the risk of, or vitiate the insurance on the buildings on the premises, without first obtaining the consent of the first part thereto in writing;  .  .  .  and if the said second party shall remain in the possession of said premises after the termination of said lease in any manner above named, or otherwise, or after the expiration of said term, he shall be deemed guilty of forcible detainer and unlawful conversion of said premises under the statute." The contract further provides that "the second party  .  .  .  will permit the first party, or his agent, to enter in and upon said premises and make repairs and alterations thereto, and also to show the premises to persons desiring to hire or purchase the same."

The evidence shows that a short time after the execution and delivery

of the contract the defendant caused to be served on the plaintiff a notice of rescission on the ground that defendant's "consent to the execution of said contract was given by mistake, and that said contract does not express the agreement of the parties thereto, or the intentions of either party." The defendant refused to permit the plaintiff to enter into possession of the premises, and the plaintiff thereupon on December 30, 1915, brought the present action to determine adverse claims, claiming that he had an estate or interest in and was entitled to possession of the premises involved under and by virtue of his lease. The defendant answered and asserted that he was the owner of the premises, and that plaintiff's claim was based upon a written lease or cropper's contract, but that such instrument was not supported by any valid consideration; that defendant never agreed to its terms; and that the terms, conditions, and stipulations were so vague, ambiguous, indefinite, and uncertain as to be impossible of interpretation.

The cause came on for trial on March 19, 1916. The trial court rendered a judgment in favor of the plaintiff for the possession of the premises involved, as provided for in, and for the purpose of carrying out the terms of, the leasing contract. An appeal was taken and a stay of proceedings obtained, the defendant furnishing a supersedeas bond in the sum of $750, in accordance with the order of the court.

There is no dispute in the evidence, and defendant rests his contentions solely on two propositions of law, which are stated in his brief as follows:

"(1) That the written contract, exhibit 1, is so indefinite, ambiguous, and contradictory that it could not be considered as a lease or as conferring any estate in respondent sufficient to maintain the statutory action to determine adverse claims; and further, even when reformed by the oral testimony offered by respondent, it would constitute no more than a cropper's contract, which confers no estate in respondent whatever, and consequently no equitable action in the form of ejectment can be maintained.

(2) That this action regardless of the form of it, is in effect an action for specific performance and cannot be maintained for the reason that the contract under any interpretation of it, in the main calls for personal services only on the part of the respondent, and as respondent could not be compelled specifically to perform, neither can appellant."

Neither of the propositions are argued to any extent in defendant's brief. No attempt is made to point out wherein the contract is indefinite, ambiguous, or contradictory. And defendant refrained from offering any evidence upon the trial to substantiate his claim that it did not represent the agreement of the parties.

Nor do we understand that the action is one for specific performance. The plaintiff was entitled to enter into possession of the premises on December 1, 1915, under the express terms of the contract. He asks judgment for possession. That a tenant may maintain an appropriate action against the lessor or any other person wrongfully withholding possession of leased premises is not disputed in this case, and is well supported by authority. See 24 Cyc. 1049, 1051, 1152.

We are agreed that, under the evidence in the case, no other conclusion can be reached than that reached by the trial court; namely, that the plaintiff was entitled to the possession of the premises in accordance with the terms of the contract. The question which has caused us more difficulty than either of those argued by the defendant is whether a lessee may maintain a statutory action to determine adverse claims against his lessor. The action is certainly somewhat novel, but after some hesitancy we have come to the conclusion that under our statute such action will lie in behalf of a lessee who claims an interest in, and the right of possession of, the premises.

The statutory action to determine adverse claims may be maintained to obtain possession of realty. 17 Enc. Pl. & Pr. 290. Such action embraces both the common-law action of ejectment and the equitable action to quiet title. Burleigh v. Hecht, 22 S. D. 301, 306, 307, 117 N. W. 367; Ottow v. Friese, 20 N. D. 86, 126 N. W. 503. And the right of the lessee to maintain the statutory action to determine adverse claims has been sustained in well-considered decisions. See German American Sav. Bank v. Gollmer, 155 Cal. 683, 24 L.R.A.(N.S.) 1066, 102 Pac. 932; McDonald v. Early, 15 Neb. 63, 17 N. W. 257. See also Merrill v. Gordon, 15 Ariz. 521, 140 Pac. 496; Berrington v. Casey, 78 Ill. 317.

The judgment appealed from must be affirmed. It is so ordered.

Robinson, J. (dissenting). This is an action for the determination of adverse claims to certain real property. Judgment was entered

awarding the plaintiff possession of the land in question, with costs, and the defendant appeals.

The action is based on a cropping land contract, dated November 5, 1915, whereby it is agreed that the plaintiff shall have and crop the land during the year 1916. Defendant refused to abide the contract, and he never delivered to the plaintiff possession of the land.

The remedy of the plaintiff, if any, was an action for specific performance or for money damages. An action for the determination of adverse claims to real property does not lie when the plaintiff has no claim of title. The judgment should be reversed, with directions to dismiss the action.