[Civil No. 1585.    Filed June 15, 1918.].

[173 Pac. 882.]

D. J. GENARDINI, S. L. BUTLER, P. MARGOSIN and FRANCISCO GALLEGO, Appellants, v. MOSE KLINE, Appellee.

1. LANDLORD AND TENANT—UNEXPIRED LEASES—EFFECT.—If plaintiff leased a building to begin on a certain date, and there were unexpired leases at such date, plaintiff's right to possession did not accrue until the leases expired.

2. LANDLORD AND TENANT—RIGHTS AS BETWEEN TENANTS—CONSTRUCTIVE NOTICE.—If plaintiff leased a building and recorded the lease, and thereafter defendants entered into possession under subsequent leases, the recording of the lease charged all persons with notice thereof under Civil Code of 1913, paragraph 2084, and defendants took subject to plaintiff's rights.

[As to "conveyance" in recording as including lease, see note in Ann. Cas. 1913D, 1000.]

3. LANDLORD AND TENANT—ACTIONS FOR POSSESSION—PARTIES.—Where plaintiff leased a building, but did not acquire possession, persons who acquired possession under leases executed subsequent to plaintiff's lease and after his commencement of action against the landlord for possession were proper, if not necessary, parties defendant, since they each took with notice of, and without prejudice to, plaintiff's rights under Civil Code of 1913, paragraph 1635.

4. LANDLORD AND TENANT—RIGHTS IN PROPERTY.—Granting a lease and accepting payment of rent pursuant thereto creates relation of landlord and tenant and vests a present leasehold in the tenant and a remainder in landlord and gives the tenant the exclusive right to possession of the property.

5. SPECIFIC PERFORMANCE — CONTRACTS ENFORCEABLE — EXECUTED CONTRACT.—A tenant cannot maintain action for specific performance of a lease under which he had paid the rent and acquired partial possession, but was not given the exclusive possession, since the contract was partially executed.

6. ACTION — CHARACTER OF ACTION — NAME GIVEN BY PARTIES. — The name or designation given an action by the parties is not binding before the court, but it is the duty of the courts to look to the substance, the record made, and disregard the mere name given to the action.

7. LANDLORD AND TENANT — ACTIONS FOR POSSESSION — PLEADING. — Where plaintiff leased a building from defendant for a term of years, possession to be granted on a certain date, and was given

only part possession because defendant leased parts of the building to other persons, plaintiff had a cause of action to recover possession under Civil Code of 1913, paragraphs 1628, 1631, as to actions to regain possession of real property, which provide for a statutory action in the nature of ejectment.

8. EJECTMENT—TITLE.—In a statutory action in the nature of ejectment under Civil Code of 1913, paragraphs 1628, 1629, 1631, plaintiff's right to recover possession of the real property depends on the strength of his own title, and not upon the weakness of defendant's title.

9. REFORMATION OF INSTRUMENTS—LEASES.—Where a lease on printed form had been amended by writing so as to read "and the said party of the ~~second part agrees not~~ first part shall have the right to let or underlet the premises without written consent of said party of the first part," the tenant as party of the second part was not entitled to have the instrument reformed so as to prevent the landlord, as party of the first part, from subletting the premises, although the lease, as written, was obscure and meaningless, especially as the printed words were struck out and others written in.

10. LANDLORD AND TENANT—LEASES—CONSTRUCTION.—Such clause expresses no agreement whatever, and by it the lessee renounced no rights.

APPEAL from a judgment of the Superior Court of the county of Cochise. Alfred C. Lockwood, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

Action commenced by the appellee against appellant Genardini as the lessor of plaintiff and against the other named defendants as tenants of said lessor, in actual possession, to recover the possession of certain described buildings situate on lots numbered 21 and 22 in block No. 82 of the Douglas townsite, in Cochise county, alleged to have been granted by Genardini to plaintiff by written lease made and bearing date the twenty-eighth day of September, 1915, conveying on its face a term beginning the first day of November, 1915, and ending the thirty-first day of October, 1919, with privilege of renewal at same rental for two years additional, reserving rent in the sum of $1,680 per annum for the term and any extension of the term, rent payable $140 on the 1st of each month in advance. Other facts are stated in the opinion. The plaintiff had judgment, and defendants appeal.

Messrs. Doan & Doan, Mr. John F. Ross, and Mr. Bruce Stephenson, for Appellants.

Messrs. Boyle & Pickett, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).— The manifest purpose of this action is the recovery of the possession of the property described in the complaint to the plaintiff. The estate claimed and sought to be recovered is a term of years beginning November 1, 1915, and ending October 31, 1919. The title set forth by the plaintiff is a lease dated September 28, 1915, made by appellant Genardini to plaintiff, duly acknowledged and recorded. The rent reserved by the terms of the lease is the sum of $1,680 per annum, payable monthly at the rate of $140 per month in advance on the first of each month. The lease provides for the first month's payment of rent to be made on the first day of November, 1915. It is conceded that the plaintiff did pay such rent at the rate specified the four first months of the term; that the lessor accepted such payments of rent for such months, but thereafter he refused all tenders of rent made, and refused to accept the sums paid into a bank to the credit of lessor as further payments of rent.

Possession of the premises has never been given to the lessee. The property involved is situate on lots 21 and 22 in block 82 of the Douglas townsite survey and consists of buildings used, the upper floor as an assembly hall, and storerooms below on the ground floor. At the time the lease was made the upper floor or hall was in the possession of and occupied by Company G, Arizona National Guard, and F. S. Booher, under a lease theretofore made by Genardini, which by its terms was to expire and did expire about the fifteenth day of July, 1916. The lower or ground floor of said building, two rooms, was in the possession of and occupied by one P. Margosin under a lease theretofore made by Genardini, which said lease by its terms expired on the first day of November, 1916. The possession of the upper or hall floor of the building was surrendered to Genardini on July 15, 1916, and Genardini thereupon let the same to S. L. Butler, and refused to render possession of the same to plaintiff. On November 1, 1916, said Margosin's lease of the lower floor terminated, but Margosin continued in the possession of

the same with the consent of Genardini, subletting one of the said rooms to defendant Gallego, and plaintiff's demand for possession of the property was refused.

Under this state of facts, when considered apart from other features of the case, it is clear that the plaintiff's right to possession did not accrue until the fifteenth day of July, 1916, as to the upper floor, and until the first day of November, 1916, as to the lower floor, by reason of the prior leases mentioned. On November 27, 1916, the complaint was amended to bring in P. Margosin and Francisco Gallego as defendants by order of the court.

The defendants Butler, Margosin, and Gallego acquired the right to possession held by them at the time of filing the amended complaint and at the trial after the lease of September 28, 1915, was made and recorded. The said lease was recorded on the twenty-ninth day of September, 1915, and thereafter charged all persons with notice of the existence of such grant, deed or instrument. Paragraph 2084, Rev. Stats. Ariz. 1913. Thereupon said defendants acquired their several rights to possession as held by them at the time of the trial after the plaintiff's right to possession accrued, and they were charged with notice of the accrual of plaintiff's said rights, and were proper, but not necessary, parties defendant. They each took their rights subject to notice of and without prejudice to the rights of the plaintiff. Paragraph 1635, Rev. Stats. Ariz. 1913.

The lease and the payment and acceptance of rent pursuant to the terms of the lease created the relation of landlord and tenant between defendant Genardini and plaintiff, and vested a present leasehold estate in the tenant, Kline, for the term with all the incidents of ownership contemplated by the relations and specified by the stipulations contained in the lease. The grant of the leasehold estate for said term of years carried the right of the grantor to the exclusive possession of the leased property. The lessor's interest in the property thereafter became a remainder commencing on the termination of the lease. Such was the nature of Genardini's title at the time, July 15, 1916, when he placed Butler in possession of the upper floor of the building, and on November 1, 1916, when defendant acquiesced in Margosin's remaining in possession of the lower floor, and in Gallego occupying one of the lower floor rooms under Margosin.

The written instrument relied upon by plaintiff as evidence of his title is clearly a present grant of lease, and is not in effect a contract of lease. The parties in the course of this lawsuit have made reference to this action as one for the specific performance of a contract. Such remedy could not be applied to the transaction here involved unless the facts show that the written instrument purporting to be a lease is a contract for a lease, and upon such showing the court would be in the exercise of proper jurisdiction to decree a specific performance of such contract by coercing the defendant into specific performance by making the lease contracted for. Under all of the facts in this case, without any controversy, the contract for lease became fully performed long before this action was commenced, and the purpose of this action is to remove from the property leased the lessor and the lessor's tenants occupying the leased property. The name or designation given an action by the parties is not binding before the court, but it is the duty of the courts to look to the substance, the record made, and disregard the mere name given to the action.

"The complaint may state generally that the plaintiff is entitled to the possession of the premises, describing them, also the quantity of his estate and the extent of his interest therein, and that the defendant unlawfully keeps him out of possession, and the damages, if any, which he claims for withholding the same." Paragraph 1631, C. C. A. 1913. These facts are all stated in this complaint and the complaint is one setting forth facts sufficient to constitute a cause of action. "Any person having a valid, subsisting interest in real property, and a right to the immediate possession thereof may recover same by action against any person acting as owner, landlord or tenant of the property claimed." Paragraph 1628, C. C. A. 1913. The action so authorized and set forth in the complaint mentioned is commonly referred to as the statutory action in the nature of an action in ejectment as known to the common law. Without any question, such is the nature of this action, the statutory action in the nature of an action in ejectment.

Such being the clear nature of the action, the plaintiff's right to recover depends upon the strength of his own title (paragraph 1629, C. C. A. 1913), and not upon the weakness of the title of his adversary.

One item of relief demanded by the plaintiff is to "correct and reform the written lease in two particulars: First, in the particular of the date upon which the parties agreed the term should end, to-wit, the thirty-first day of October, 1918, the date written in the lease is 1919; second, to correct and reform the written lease so that it will read 'and the said party of the second part shall have the right to let or underlet the whole or any part of the said premises without written consent of said party of the first part.'"

These corrections are urged upon the grounds that the lease may be made to speak the truth, the true agreement reached by the parties. The defendants do not controvert the first requested correction. Consequently the decree reforming the instrument in that particular must stand. As to the second requested correction, a bitter controversy has arisen. The language quoted and asked to be read into the lease is intended to replace in the lease the following:

"And the said party of the ~~second part agrees-not~~ first part shall have the right to let or underlet the whole or any part of the said premises without written consent of said party of the first part."

The lease is constructed upon a blank lease form used by real estate men and others dealing in rentals. The clause in question was printed in the form of lease in the language now sought to be inserted. Before signing the lease, the words indicated above by the lines drawn through them were so canceled, and in their stead the words "first part shall have the right" were inserted, thereby wholly obscuring the meaning of the clause.

I am well satisfied that the correction demanded cannot be made. In the first place, the evidence is clear on the face of the lease that the parties intended to and did strike out the written words, viz., "the second part agrees not" and did write the words "first part shall have the right." A well-known rule of construction is to give force to words written in a printed form, if in conflict with printed words, and exclude the printed words. Here the words written in not only conflict with printed words, but the printed words are actually canceled. The court would do violence to every known rule of construction to strike out the written words and cancellation lines drawn through the printed words and restore such printed words, giving them effect over the written words.

In this particular the plaintiff has asked too much even of a court of equity.

The defendants in their answer in respect to said clause of said lease say as follows:

"Defendants deny that there was a mutual mistake on the part of the plaintiff and defendant Genardini in stating in said lease the following words: 'And the party of the first part shall have the right to let or underlet the whole or any part of the said premises without the written consent of said party of the first part.' The defendants allege that said statement in said lease was intended to and did express the actual intent of the parties to said lease."

If defendants' answer in this respect is true, it then becomes necessary to discover what the parties actually intended by the use of so peculiar an arrangement of words. Evidently the party of the first part reserved the right to let or underlet the said premises without the formality of giving himself written consent to do so, and evidently the other party to the paper does not require the said party of the first part to have the written consent of himself to so let or underlet such premises, but I fail to see in the language anything that would indicate an intention of the lessee to authorize the lessor to let or underlet the premises without the consent of the lessee. An unmarried man may have his own consent to be married, but that fact does not marry him nor force any woman to give her consent to a marriage, and therefore having his own consent does not make him a married man.

The clause as written expresses no agreement whatever. The lessee renounces no rights given him by the lease; he does not agree that any letting of the premises by the lessor will be binding upon the lessee, even if the lessor has his own consent. The clause as it appears in the lease is senseless and expresses no sane idea. The apparent construction defendants seem to contend ought to be placed upon this provision of the lease is to reserve to the lessor the right to let or sublet the whole or any part of such premises without the written consent of the lessee.

"The general rule is that a written lease is to be construed according to the intention of the parties thereto, and that such intention is to be gathered from the whole instrument rather than from a single clause thereof." 24 Cyc. 914.

If we read the clause in question by construing the words "first party" to mean "second party" and sustain defendants' contention now urged, then the effect is first to discredit defendants' answer and hold that the parties did not mean what they said, and to deprive the lessee of all dominion over the leased property during the lease term, and thereby wholly defeat the manifest intention of the parties to create a lease estate. Without the right to possession—dominion over the property—no lease exists. All parties concede that the manifest intention of the parties was to create a lease, and the undisputed evidence is that a lease was created by the parties. This fact cannot be doubted. Otherwise the defendants' contention inconsistent with their answer must prevail in their favor.

The result that must necessarily follow is that the defendants are bound by their answer, and the clause must remain as written. The title produced by the plaintiff evidenced by the written, acknowledged and recorded lease is of greater strength than the title presented by the defendants or either of them. The defendants, claiming by lettings subsequent in time to the plaintiff's said lease, took their title charged with notice of plaintiff's lease, and they make no claim whatever that the plaintiff consented to the making of their leases by the defendant Genardini; consequently their rights are subordinate to that of plaintiff. Genardini doubtless had his own consent to disregard the written lease to the plaintiff, but that was not enough to authorize him to convey any right then vested in plaintiff to another. The judgment of the lower court is modified in the particular wherein the lease in question is ordered reformed and corrected with regard to changing the clause above discussed so that it would read as originally printed, for the reason the competent evidence fails to support said portion of said decree, and, on the other hand, does reasonably support the striking out of the words actually inserted in the said portion of the decree. In all other respects the judgment is correct, and consequently, as so modified, is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.