[No. 15511. Department Two. March 17, 1920.]

BLANC'S CAFE, *Appellant,* v. J. C. COREY *et al.,*
*Respondents,* SEATTLE CHAPTER OF RED CROSS *et al.,*
*Defendants.*[1]

EJECTMENT (6, 19)—TITLE TO SUPPORT—LESSEE OUT OF POSSES-
SION. A lessee under a valid lease with the right to take possession
has a valid subsisting interest in lands, within the meaning of Rem.
Code, § 785, authorizing an action to recover possession from the
tenant in possession; and may maintain the action before entry.

SAME (19)—PERSONS BY AND AGAINST WHOM BROUGHT—TENANT
AND LANDLORD. Ejectment may be maintained by the lessee of lands
against the landlord who is in possession by its tenants to whom
leases had also been made.

LANDLORD AND TENANT (51)—RIGHT OF ENTRY AND POSSESSION—
SUBTENANTS AND ASSIGNEES. A sublessee holding over after the ex-
piration of his sublease has no right to remain in possession as
against an assignee of the principal lease.

ELECTION OF REMEDIES (1)—LANDLORD AND TENANT (52)—ACTION
FOR FAILURE TO DELIVER POSSESSION. A lessee wrongfully prevented
by the landlord from entering under the lease is not obliged to
resort to his remedy in damages, but may enforce the lease by
action of ejectment.

Appeal from a judgment of the superior court for
King county, French, J., entered April 11, 1919, dis-
missing an action in ejectment, tried to the court and
jury. Reversed.

*Wright, Kelleher & Allen,* for appellant.

*Ballinger, Battle, Hulbert & Shorts, Weter & Roberts,*
and *E. M. Farmer,* for respondents.

*Chadwick, McMicken, Ramsey & Rupp, amicus cu-
riae.*

MOUNT, J.—This is an action brought in ejectment
to recover the possession of property leased to the
plaintiff.

[1]Reported in 188 Pac. 759.

The facts alleged in the complaint and proven at the trial are, in substance, as follows: The Chattan Security Company owned two lots on the southeast corner of University street and Third avenue, in the city of Seattle. On February 4, 1913, it leased this property for a term of ten years to William Thaanum and A. L. Aabling. These parties, a few days later, assigned their lease to the University Street Improvement Company. This company constructed a building upon the lots, and on August 18, 1917, leased the entire second floor of the building to the plaintiff, the term of the lease commencing on September 1, 1917, and ending on February 4, 1923. This lease was promptly filed for record and recorded. Upon the delivery of the lease, the University Street Improvement Company delivered the keys of the building to the plaintiff; but thereafter, before the plaintiff took possession, it obtained these keys for the avowed purpose of making some improvements in the building. The plaintiff paid the rent for the month of September, and thereafter offered to pay the rent for October and November. The University Street Improvement Company refused to receive the rent, and notified the plaintiff that it could not have the building under the lease. It also appeared during the trial that the defendant Corey and other tenants were occupying the premises. It was not claimed that the plaintiff ever had actual possession of the premises. On these facts, the trial court was of the opinion that Corey, being a tenant of the University Street Improvement Company and being in possession, could not be ousted by ejectment, and could only be ousted under the forcible entry and detainer statute; and that, since the University Street Improvement Company was not in actual possession of the property, ejectment would not prevail against

that company, and for these reasons dismissed the action. The plaintiff has appealed.

It is argued by the respondent and by *amicus curiae,* in substance, that a lessee does not acquire an estate in land until he has entered into possession, and that until possession is acquired he cannot maintain ejectment for the property. This was the rule at common law, but our statute, at § 785, Rem. Code, provides:

"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title; . . ."

We think it is too plain for argument that, where a party has a valid lease of real estate and the right to take possession of the property under his lease, he has a valid subsisting interest in the real property. This exact question, so far as we are advised, has not heretofore been determined by this court; but we think it plain from the wording of the statute that a person having a valid subsisting lease and the right to possession may maintain the action. In Tiffany on Landlord and Tenant, Vol. 1, § 37, page 293, the rule is stated as follows:

"As regards the right of the lessee, before entry, to maintain ejectment for the premises, it would seem that the cases asserting that right are in accord with the modern rule that this action may be maintained by any person having a right to the possession. In former times, when it was necessary, to support ejectment, that a termor should have been actually ejected from the land, the action could evidently not be maintained by a lessee who had not entered, either by himself or his sublessee; but after the introduction of the fictions in ejectment, by which one entitled to land was

enabled to maintain the action without any actual entry or ouster, a lessee, it would seem was in as good a position for this purpose before as after entry, and the later abolition of the fictions could not well place him in a worse position in this regard.''

To the same effect see: Tiedeman, Real Property (3d ed.), § 131; Warvelle, Ejectment, § 156; *Genardini v. Kline*, 19 Ariz. 558, 173 Pac. 882; *Mattingly's Ex'r v. Brents*, 155 Ky. 570, 159 S. W. 1157.

So it is clear that, notwithstanding the rule at common law, the action may be maintained under our statute by one having a valid lease, notwithstanding he has never had possession. Under the facts as alleged and shown at the trial, the appellant has a valid subsisting lease which does not expire until February 4, 1923. There can be no doubt, under the evidence, that the University Street Improvement Company had the right to enter into the lease and to give possession thereunder. The delivery of the lease authorized the lessee to take possession according to the terms of the lease. The University Street Improvement Company received one month's rent in advance and afterwards refused to receive other rent, and denied the right of the appellant to enter into possession. At the trial, it appeared that Mr. Corey and other tenants were in possession of a part of the premises leased to the appellant. It is argued here that, because the University Street Improvement Company was not in the actual possession, ejectment could not be had against that company. This argument overlooks the fact that the University Street Improvement Company was in possession by its tenant Corey, and others to whom leases had also been made. It is also argued that, at the time the lease was delivered to appellant, it was understood that other tenants were in the building whose leases would expire on or about the time appellant's lease

would begin, and that, if such tenants did not vacate the premises, the appellant would give to the University Street Improvement Company a few days' time to deliver possession to the appellant. That was one of the defenses that was plead by the University Street Improvement Company, but there was no evidence received to that effect. The University Street Improvement Company also plead estoppel and other defenses, but no evidence was introduced to prove these defenses, and they were in substance denied by the appellant's replies. It is improper, therefore, to consider these alleged defenses as proved upon this appeal.

The respondent Corey argues that the lease from the University Street Improvement Company to the appellant was, in law, an assignment of the lease held by the University Street Improvement Company, and that, since Corey was a tenant of the University Street Improvement Company, which had assigned its lease to the appellant, appellant would be required to oust the respondent Corey by unlawful detainer. This argument assumes, of course, that Corey is in possession under an unexpired lease prior to the assignment from the University Street Improvement Company to appellant, and that Corey is, therefore, a tenant of the appellant rather than of the University Street Improvement Company. This position also assumes that Corey is not holding over after the expiration of any lease which he may have had from the University Street Improvement Company. We find nothing in the record to support these assumptions. The record is that, while Corey was in possession at the time of the assignment of the lease, he was in possession for a definite time, which time had long since expired when the action was tried. It is plain, therefore, that whatever rights he had under his lease from the University

Street Improvement Company had expired and he was simply holding over after the expiration of his lease. Under the statute which we have hereinbefore quoted, he would have no right to remain in possession against the will of the appellant, even though appellant held only an assignment of the lease of the University Street Improvement Company.

Respondents also urge that the appellant has a remedy in damages if the lease contract has been breached. This is true, but he is not obliged to pursue that remedy. He also has a right to enforce his lease.

We are clearly of the opinion that the trial court erred in dismissing the action.

The judgment is therefore reversed, and the cause remanded for further proceedings.

HOLCOMB, C. J., MITCHELL, BRIDGES, and FULLERTON, JJ., concur.