[No. 24342. Department Two. March 13, 1933.]

LEIGHTON G. DUCKWORTH, *Respondent and Cross-appellant,* v. C. H. MICHEL *et al., Appellants.*[1]

[1]Reported in 19 P. (2d) 914.

*W. F. Crowe,* for appellants.

*S. E. King* and *H. G. King,* for respondent and cross-appellant.

Tolman, J.—The plaintiff brought this action to obtain the possession of farm lands under the terms of a written and duly executed lease. The defendants, the owners of the land and the lessors, after demurring to the complaint, defended on the theory that the lease had been surrendered by mutual agreement, or that the plaintiff was by his own acts estopped to claim otherwise.

After a trial on the merits, the trial court made findings of fact and conclusions of law and entered a judgment awarding to the plaintiff the possession for which he prayed, upon the condition that he pay into the registry of the court for the use of the defendants the sum of $414, within a time fixed, as the value to him of summer fallowing and harrowing of a part of the lands in question which was done by the defendants during the period when they were wrongfully withholding possession.

The defendants have appealed from that part of the decree which awards possession to the plaintiff and which limits their recovery to $414. The plaintiff has cross-appealed from that part of the decree

requiring him, as a condition precedent, to pay for the summer fallowing.

A careful consideration of the evidence convinces us that it in no wise preponderates against the trial court's findings, and under our familiar rule those findings will be accepted here without discussion.

The defenses of rescission of the lease by mutual agreement and of estoppel are thus eliminated, and will be given no further attention.

■ The principal question raised by the defendants' appeal is: Has a lessee who, though having a right of possession under the lease, has never been in possession, such an interest or estate in the land as will entitle him to wage an action for possession or specific performance, or is he limited to a right of action for damages arising from the landlord's breach in refusing to give him possession?

It is, of course, a thoroughly well established principle of the common law that entry by the lessee is necessary to give him an interest in the land, but to the common law, title to real estate was as sacred as was a prerogative of the King. Under modern conditions, title to real estate is but a property right, little, if any, superior in the eyes of the law to any other property right.

Here, we have a lease formal in every part, duly executed on September 25, 1931, for a term of years beginning October 1, 1932, but which authorized and required the lessee to enter and to do work in the nature of summer fallowing and cultivating as early in the spring of 1932 as possible. The provision reads:

"The said lessee covenants and agrees that he will at his own cost and expense during the spring of the year 1932, commencing as early as the same reasonably can be done, plow, till and cultivate and summer fallow all of the areable portion of said premises not

in crop in a thorough and husbandlike manner, and thoroughly till and cultivate the same during the spring and summer following so as to sprout and kill all noxious weeds and do all work necessary to keep all foul growths from going to seed on said premises.''

This covenant on the part of the lessee, of course, carries with it by necessary implication the right to so enter and perform. The refusal to permit such entry put the plaintiff in motion and caused the bringing of this action.

In the early case of *Boston Clothing Co. v. Solberg,* 28 Wash. 262, 68 Pac. 715, a complaint in an action for damages based upon a refusal to perform an informal written contract to make a lease was held to state a cause of action. But the subject with which we are here concerned was not there discussed.

In the case of *Oldfield v. Angeles Brewing & Malting Co.,* 62 Wash. 260, 113 Pac. 630, Ann. Cas. 1912C 1050, 35 L. R. A. (N. S.) 426, we find an attempt to present the question which is here presented with the parties reversed. There, a lease had been made for a term of five years, to commence upon the completion of a building to be erected. The building was erected and completed, possession was tendered to the lessee and refused. Notice was given to the lessee that the lessor would rent the building for the best terms obtainable and hold the lessee for any loss which might be sustained, both by reason of the temporary vacancy and by reason of the difference in rental obtained, if the amount obtained upon a re-letting was less than that called for by the lease. The court seems to have attempted to avoid deciding the question which is here presented. It was there said:

''Many errors are suggested by appellant, and there is much discussion in the briefs as to whether the con-

tract sued upon was a lease or an agreement for a lease, or whether, since appellant never took possession, the relation of landlord and tenant ever existed and there could be a recovery for rent as rent. To our minds these questions are immaterial, and have no bearing upon the real issue between the parties, and any discussion of them would be merely academic in its character.''

The court, while recognizing the line of authorities which denies the existence of the relationship of landlord and tenant until the tenant takes possession, expresses no opinion as to whether that rule is in force in this state, and proceeds to determine the issues upon the theory that, in any event, in such a case as that, the party wronged by the breach could be fully compensated for the injury sustained by an allowance of damages measured by the difference between that which he would have received under the breached contract and that which he does receive from some subsequent lessee. As we now read it, the decision does not deny the right of specific performance in a proper case, but since the lease there covered a term of five years and, of course, as equity could not compel in any practical way a performance by the lessee throughout the term, it was, no doubt, considered that the action at law for damages gave a just, adequate and sufficient remedy.

The same case (Oldfield v. Angeles Brewing & Malting Co.) was again before the court in 72 Wash. 168, 129 Pac. 1098. In this second decision, referring to the first, it is said:

''The prayer was for that amount, with interest from accrual upon the amount of each month's rent going to make up the aggregate. His evident theory, and that of the trial court on the first trial, was that there would be a right of action for each month's rent and that the failure to pay the rent would con-

stitute successive breaches. There was, however, but one breach, and that was complete and final, going to the whole contract. It was made by the refusal to accept the building. In such a case, the cause of action is entire and the measure of damages is the loss suffered, namely, the difference between the entire rent reserved and the entire rental value for the term.''

The judgment of the trial court was again reversed because the complaint had not been amended to meet the issues as suggested in the first decision.

The case came to this court the third time, and is reported in 77 Wash. 158, 137 Pac. 469. Of course, on the third trial, the complaint had been amended, and the action was purely one for damages for the breach. Hence, there is little in the third decision which throws light upon the question now before us. It is true that two or three cases are therein mentioned which seem to hold that the only right of a lessee, who has not been put in possession, is to sue for damages, but since that question was not then in the case under consideration by this court, we cannot say that the court there approved the doctrine.

It is also true that, in the early case of *McLennan v. Grant,* 8 Wash. 603, 36 Pac. 682, it was said that a tenancy is established when the owner permits another to take possession for a determinate period. That remark was repeated in the case of *McCourtie v. Bayton,* 159 Wash. 418, 294 Pac. 238, but in neither case was it held that the lessee could not maintain such an action as this, nor was there any issue in either of those cases which would have justified the court in deciding that question.

The trial court seems to have felt that our statute meets the situation. Rem. Rev. Stat., § 785, among other things, provides:

''Any person having a valid subsisting interest in real property, and a right to the possession thereof,

may recover the same by action in the superior court of the proper county.''

But it is argued, and if it be an open question, with some show of reason, that the quoted language of the statute does not attempt to define what a valid subsisting interest in real property is, and only recognizes that such an interest can exist without actual possession, which, of course, is true in certain cases at common law. However, we seem to have already placed a different construction upon the statute, and one in harmony with the trial court's views.

The case of *Blanc's Cafe v. Corey,* 110 Wash. 242, 188 Pac. 759, was an action brought by the lessee to obtain possession of the leased property, the action being in the nature of ejectment against a prior tenant who was holding over. The written lease was delivered to the lessee some time before its term would begin, and with it were delivered the keys to the premises. However, and apparently before the term began, the landlord retook possession of the keys, and while that feature is not stressed in the opinion, it would seem that no delivery of possession could possibly be predicated upon the delivery of the keys to the lessee at a time when he had no right to take actual possession. Delivery of possession by symbol, to be effective, would necessarily have to be at a time when possession of the property itself could be delivered. But passing that feature, this court had the following to say, which is pertinent here:

"It is argued by the respondent and by *amicus curiae,* in substance, that a lessee does not acquire an estate in land until he has entered into possession, and that until possession is acquired he cannot maintain ejectment for the property. This was the rule at common law, but our statute, at § 785, Rem. Code, provides:

" 'Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant; then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title; . . . '

"We think it is too plain for argument that, where a party has a valid lease of real estate and the right to take possession of the property under his lease, he has a valid subsisting interest in the real property. This exact question, so far as we are advised, has not heretofore been determined by this court; but we think it plain from the wording of the statute that a person having a valid subsisting lease and the right to possession may maintain the action. In Tiffany on Landlord and Tenant, Vol. 1, § 37, page 293, the rule is stated as follows:

" 'As regards the right of the lessee, before entry, to maintain ejectment for the premises, it would seem that the cases asserting that right are in accord with the modern rule that this action may be maintained by any person having a right to the possession. In former times, when it was necessary, to support ejectment, that a termor should have been actually ejected from the land, the action could evidently not be maintained by a lessee who had not entered, either by himself or his sublessee; but after the introduction of the fictions in ejectment, by which one entitled to land was enabled to maintain the action without any actual entry or ouster, a lessee, it would seem was in as good a position for this purpose before as after entry, and the later abolition of the fictions could not well place him in a worse position in this regard.'

"To the same effect see: Tiedeman, Real Property (3d ed.), § 131; Warvelle, Ejectment, § 156; *Genardini v. Kline,* 19 Ariz. 558, 173 Pac. 882; *Mattingly's Ex'r v. Brents,* 155 Ky. 570, 159 S. W. 1157.

"So it is clear that, notwithstanding the rule at common law, the action may be maintained under our statute by one having a valid lease, notwithstanding he has never had possession."

and again:

"Respondents also urge that the appellant has a remedy in damages if the lease contract has been breached. This is true, but he is not obliged to pursue that remedy. He also has a right to enforce his lease."

The rule thus announced seems to be recognized in other jurisdictions as the modern common law rule. 36 C. J. 54, § 671; *Ewert v. Robinson,* 289 Fed. 740; *Cooper v. Gordon,* 37 N. D. 247, 164 N. W. 21; *Genardini v. Kline,* 19 Ariz. 558, 173 Pac. 882.

Perhaps the rule is not universal or infallible, and ought not to be applied where an action for damages will afford adequate relief. But where, as here, the damages may be actual and substantial but of such a nature as not to be susceptible of that character of proof which the law requires, we think the better practice is to apply the equitable remedy.

█ The allowance for summer fallowing and cultivation is questioned by both appeals. The plaintiff contends that he was prepared to and intended to do the work himself, and had he been given possession he could have done it with small expense. In so contending, the plaintiff's own testimony is overlooked, which testimony is to the effect that he had arranged to hire the plowing done at the exact price per acre which the trial court allowed, and also that, being denied possession, he applied his own labor to other lands from which presumably he received a benefit. Morever, the trial court allowed and directed the plaintiff to pay, not the costs or the reasonable value, but only the value to him of the work done. This is in accord with equity, and having received the benefit, even though that was created by the wrongful act of the defendants, the plaintiff cannot complain.

243

The defendants contend that the evidence shows that the reasonable value of the work done was considerably in excess of the amount allowed. Even so, the defendants, having wrongfully excluded the plaintiff and thus prevented him from doing the work, may not now take advantage of their own wrong and receive the reasonable value of the work done by them. They recover here not through any legal right in themselves, but only because "he who seeks equity must do equity," and the plaintiff, who has invoked equity to secure possession, must not be permitted to enrich himself by taking advantage of the defendants' mistaken or wrongful act.

We are satisfied that the judgment appealed from is just and right, and it is affirmed on both appeals.

BEALS, C. J., MAIN, STEINERT, and BLAKE, JJ., concur.