NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

ERICK QUINTANA, a single man, *Plaintiff/Appellee,*

*v.*

JAIME URBANEK, *Defendant/Appellant.*

No. 1 CA-CV 25-0564

FILED 06-16-2026

Appeal from the Superior Court in Yavapai County
No. S1300CV202500744
The Honorable Tina R. Ainley, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

Prescott Law Group, PLC, Prescott
By J. Andrew Jolley
*Counsel for Plaintiff/Appellee*

Jaime Urbanek, Cordes Lakes
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1        Jaime Urbanek ("Tenant") appeals the superior court's judgment finding her guilty of forcible detainer and awarding immediate possession of the real property at issue to Erick Quintana ("Owner"). For the following reasons, we vacate the judgment and remand with instructions to dismiss the forcible entry and detainer ("FED") complaint.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2022, Owner sold certain real property in Mayer to a third party and secured the sale with a deed of trust. The purchasing third party then executed a three-year lease agreement with Tenant, which began in January 2023. In April 2025, after defaulting on his payments to Owner, the third party signed a deed in lieu of foreclosure, conveying the property back to Owner.

¶3        That same month, Tenant received two notices to vacate. Owner first gave Tenant an oral notice on April 9, instructing her to vacate the property by the following day. A few days later, Owner sent a written notice to vacate within five days. Owner's counsel then sent a third notice on June 10, informing Tenant that her tenancy would end 30 days later on July 11.

¶4        Tenant did not vacate the property, responding that the term of her lease had not yet expired and she was not in default of its terms. Owner filed an eviction action and alleged Tenant was guilty of forcible detainer pursuant to Arizona Revised Statutes ("A.R.S.") Section 12-1173. The court held a hearing two weeks later and found Tenant guilty of forcible detainer, concluded Owner had the right to immediate possession of the property, and awarded Owner $1,905 in fees and costs.

**¶5** Tenant timely appealed, but we dismissed her appeal in December 2025 because she failed to file an opening brief. Tenant then filed a motion for reconsideration and a motion for leave to file her opening brief, which we granted. We have jurisdiction under A.R.S. Sections 12-120.21(A)(1) and -1182(A).

## DISCUSSION

**¶6** Preliminarily, we note Tenant's lease ended in January 2026. So regardless of the outcome of this appeal, she would no longer have a lease and would not occupy the property. When a tenant no longer occupies the property at issue in an eviction action, the issue of mootness arises. *Thompson v. Harris*, 9 Ariz. App. 341, 344 (1969). Nevertheless, we "may consider a moot issue where the collateral consequences of the order 'will continue to affect a party.'" *Novak v. Novak*, No. 1 CA-CV 21-0481, 2022 WL 2981764, at *2 ¶ 6 (Ariz. App. July 28, 2022) (mem. decision) (quoting *Cardoso v. Soldo*, 230 Ariz. 614, 617 ¶ 9 (App. 2012)). As in *Novak*, "[b]ecause the consequences of eviction will continue to affect [Tenant], the issue is not moot." *Id.* Thus, we address the merits of Tenant's appeal.

**¶7** Tenant raises several arguments, contending the court erred in finding her guilty of forcible detainer. We address only Tenant's argument regarding her lease. Because we vacate the judgment and remand on that issue, we need not address Tenant's remaining arguments.

**¶8** "[A] forcible detainer action is a summary, speedy and adequate statutory remedy for obtaining possession of premises by one entitled to actual possession." *Casa Grande Tr. Co. v. Superior Ct. In and For Pinal Cnty.*, 8 Ariz. App. 163, 165 (App. 1968). As such, "the only issue shall be the right of actual possession and the merits of title shall not be inquired into." A.R.S. § 12-1177(A); *see also Montano v. Luff*, 250 Ariz. 401, 405 ¶ 12 (App. 2020). Further, a defendant may not submit any counterclaims but "may assert only legal defenses to a plaintiff's claim of right of immediate possession." *Colonial Tri-City Ltd. P'ship v. Ben Franklin Stores, Inc.*, 179 Ariz. 428, 433 (App. 1993).

**¶9** Tenant argues the court erred by treating Owner's acquisition of the property as a foreclosure and finding her lease was not binding on Owner. Inasmuch as Tenant raises genuine disputes that make this FED action inappropriate for resolving the issue of possession, we agree.

¶10          We have long recognized that a property owner cannot convey to another greater rights than what the owner possesses at the time of conveyance. *See, e.g.*, *Simpson v. Shaw*, 71 Ariz. 293, 297 (1951) ("[A]n individual can convey no better title to an item of property than that which he himself possesses . . . ."); *SWC Baseline & Crismon Invs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 280 ¶ 29 (App. 2011) ("A quit claim deed conveys to the grantee no greater rights to the property conveyed than the grantor possessed . . . .").

¶11          Further, when a landlord leases property, the tenant receives "the right of the grantor to the exclusive possession of the leased property." *Genardini v. Kline*, 19 Ariz. 558, 561 (1918); *see also Klimkowski v. De La Torre*, 175 Ariz. 340, 342 (App. 1993) ("[P]roperty law regards a lease as equivalent to a sale of the premises for the term of the lease, making the tenant both owner and occupier during the lease."). The landlord is then left with "a remainder [interest] commencing on the termination of the lease." *Genardini*, 19 Ariz. at 561. Alternatively, a tenant may lose the right of possession before the lease term expires if they are materially noncompliant with the lease agreement. A.R.S. § 33-1368(A). But when a landlord sells property with an existing lease and a compliant tenant, the landlord cannot convey the right of immediate possession because that right remains with the tenant. *See Genardini*, 19 Ariz. at 561.

¶12          To visualize this principle, "[a] common idiom describes property as a 'bundle of sticks'—a collection of individual rights which, in certain combinations, constitute property." *United States v. Craft*, 535 U.S. 274, 278 (2002). As relevant to this case, if a landlord bestows the "stick" representing the right to immediate possession to a tenant, then while that tenant validly holds that stick, the landlord cannot pass that same stick to anyone else. To be able to pass the right of immediate possession to another, the landlord would first need to reacquire the "stick" of possession from the tenant who holds it.

¶13          Here, the existence of Tenant's lease agreement was undisputed. But the court failed to acknowledge Tenant's arguments concerning her right of possession under that lease agreement. Instead, it noted that Owner had not signed the lease, determined that the lease was not binding upon him, and held that the third party's conveyance via the deed in lieu of foreclosure conferred on Owner the right of possession.

But if Tenant's lease was valid and Tenant was not in default, and assuming the deed in lieu of foreclosure constitutes a normal conveyance rather than a foreclosure that would have abrogated Tenant's right of immediate possession, a genuine dispute arises as to whether that deed could transfer to Owner any right of possession, such having been allegedly transferred to Tenant by the third party before the issuance of the deed in lieu. *Genardini*, 19 Ariz. at 561.

¶14 Owner contends Tenant's lease did "not automatically translate into a right to possess . . . once the superior court determined the lease did not bind him." But this argument misses the cardinal point. The court's determination as to binding effect of the lease is tantamount to resolving validity of the lease itself, including questions of privity, succession, and even dimensions of title and maybe foreclosure. Such issues are outside the scope of a forcible detainer proceeding. *United Effort Plan Tr. v. Holm*, 209 Ariz. 347, 350–51 ¶ 21 (App. 2004) (noting forcible detainer action "is not a vehicle to decide whether the parties have a landlord-tenant relationship or were under a lease agreement").

¶15 Owner's request that we affirm, and thus decide the validity and enforceability of the lease, highlights the problem with the judgment. The validity of Tenant's lease, and the derivative questions of (1) Tenant's compliance with that lease, (2) the authority of the third party to transfer a right of possession in view of that lease, and (3) whether the lease is even binding upon Owner, all raise threshold issues that cannot be resolved in a summary forcible detainer action. *See id.* ("A real dispute regarding a landlord-tenant relationship must be tried in an 'ordinary civil action, in which time periods are not accelerated, counter- and cross claims are allowed, and there is an opportunity for discovery.'" (quoting *RREEF Mgmt. Co. v. Camex Prods., Inc.*, 190 Ariz. 75, 79 (App. 1997), *superseded in part by*, A.R.S. § 33-1315(A)(2)).

¶16 Here, Tenant presented undisputed evidence squarely placing those very issues into contest. When confronted by such unresolved, yet critical, threshold issues within a forcible detainer case, the court errs by not dismissing the FED complaint. *See id.* ("[T]he only appropriate judgment is the dismissal of the complaint or the grant of possession to the plaintiff."); *McGrew v. Brunet*, No. 1 CA-CV 25-0315, 2026 WL 90070, at *2–3 ¶¶ 11–16 (Ariz. App. Jan. 12, 2026) (mem. decision) (finding trial court erred by not dismissing FED complaint where a genuine dispute between the parties regarding effect of a purported lease agreement needed to be resolved in general civil action first).

¶17      Because this case presents genuine disputes that are beyond the scope of a forcible detainer action, the court erred in entering a judgment of guilt against Tenant instead of dismissing Owner's FED complaint.

## CONCLUSION

¶18      We vacate the court's judgment and remand with instructions for the court to dismiss Owner's FED complaint.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR